THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
LARRY JAMES CARLOCK, Defendant-Appellee.

Second District   No. 80-912

Opinion filed December 15, 1981.

Dallas C. Ingemunson, State's Attorney, of Yorkville (Phyllis J. Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Robert L. James, of Aurora, for appellee.

JUSTICE VAN DEUSEN delivered the opinion of the court:

In this matter an indictment purportedly charging a felony was returned against the defendant, Larry James Carlock, for allegedly committing the offense of obscenity in violation of section 11—20(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 11—20(a)(1)) on March 13, 1980, at a described location in Kendall County. According to section 11—20(d) of the Criminal Code of 1961 such an offense is a Class A misdemeanor, and a second or subsequent offense is a Class 4 felony. Ill. Rev. Stat. 1979, ch. 38, par. 11—20(d).

The indictment in question sought to enhance the penalty for the offense to a Class 4 felony by also alleging that the defendant committed a prior offense of obscenity the preceding day, namely March 12, 1980, at the same location.

Defendant moved to dismiss the indictment upon the ground, among others, that the indictment did not set forth a prior conviction for obscenity as a basis for enhancement of the charge, but merely alleged the commission of a prior obscenity offense. In its oral ruling on the motion, the trial court emphasized that the lack of a prior conviction was a key factor in the court's disposition of the motion. The trial court then found the indictment to be insufficient to charge a felony in that it failed to allege that defendant had been convicted of a prior offense, and the trial court, therefore, dismissed the indictment.

On appeal, the State contends that by the use of the word "offense" as opposed to "conviction" in the penalty provision, the legislature clearly intended that the felony obscenity prosecution need not be predicated on a prior conviction for obscenity. In support of this contention the State points to other enhancement provisions of the Criminal Code where references are specifically made to convictions of the first offense. Ill. Rev. Stat. 1979, ch. 38, pars. 16—1(e)(1) (theft); 16—5(c) (theft from coin-operated machines); 16A—10(2) (retail theft); 17—1 (deceptive practices); 21.2—4 (interference with a public institution of higher education); 28—1(c) (gambling) and 33B—1 (habitual criminals).

An examination of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 1—1 et seq.) discloses that there are other sections of the Code providing for enhancement of penalties for subsequent offenses which do not specifically refer to convictions but rather speak, as does the section here in question, in terms of subsequent offenses. We particularly note this to be true regarding some provisions that are subsections of the same offense. For example, section 16—1 of the Criminal Code of 1961 deals in subparagraph (e)(1) with the enhancement of the offense of theft of property to a Class 4 felony speaking in terms of a second or subsequent offense after a conviction of any type of theft, while the very next subparagraph (e)(2) provides for the enhancement of theft of a firearm

from a Class 4 felony to a Class 3 felony speaking only in terms of offense without any reference to a prior conviction. (Ill. Rev. Stat. 1979, ch. 38, pars. 16—1(e)(1) and 16—1(e)(2).) It is inconceivable that the legislature could have intended to require two different conditions for penalty enhancement with reference to two categories of theft. A similar example can be found with reference to deceptive practices (see Ill. Rev. Stat. 1979, ch. 38, par. 17—1(B), as contrasted with pars. 17—1(C)(3) and 17—1(C)(4)). From our reading of the statute we discern no intent of the legislature to depart from the requirement that the offense on which the subsequent enhancement is predicated must first be reduced to a conviction.

■■ As with any statute, the court construing a penal statute, as here, must ascertain legislative intent, and where that intent is in any way clouded or uncertain, established rules relating to construction of penal statutes must be followed. (*People v. Rogers* (1980), 86 Ill. App. 3d 1092, 1093-94.) A penal statute is to be construed in favor of the accused and nothing is to be taken by intendment or implication against him beyond the literal and obvious meaning of the statute. (*People v. Kirkrand* (1947), 397 Ill. 588, 589; *People v. Rogers* (1980), 86 Ill. App. 3d 1092, 1094. See *People v. Haron* (1981), 85 Ill. 2d 261, 277-78.) If a statute increasing a penalty or punishment is capable of two constructions, the one which operates in favor of the accused is to be adopted; such a statute is highly penal and should not be extended in its application to cases which do not, by the strictest construction, fall within its terms. *People v. Rogers* (1980), 86 Ill. App. 3d 1092, 1094, citing *People v. Lund* (1943), 382 Ill. 213, 215-16.

■■ ■ To construe the statute in the manner urged by the State would allow the State to charge the defendant with one offense and, at the trial for that offense, introduce evidence of an entirely unrelated offense. This would be a clear violation of defendant's due process rights. Where a statute is susceptible of two different constructions—one which will render it constitutional and the other which will not—the former construction will be adopted if it can reasonably be done. (*In re Tingle* (1977), 52 Ill. App. 3d 251, 257.) A court of review has a duty to construe an act of the General Assembly in such a way as to promote its essential purposes and to avoid, if possible, a construction which would raise doubts as to its validity. 52 Ill. App. 3d 251, 256-57.

Review of the purposes of enhancement penalty statutes makes clear that the State's contentions must be categorically rejected.

> "Enhanced penalty statutes are enacted as a warning to a first offender of the consequences of a second conviction, and it cannot legally be known that an offense has been committed until there has been a conviction. [Citation.] Further, an enhanced penalty should not be imposed until the offender has had the opportunity

to reform due to the salutary discipline of the punishment which he has received as a consequence of his first conviction. [Citations.]" *(People v. Phillips* (1978), 56 Ill. App. 3d 689, 695.)

We have examined innumerable cases on this subject matter and find no cases which would support the State's contention nor has the State cited any cases on point.

■■ We conclude that the provision of the obscenity statute in question, providing that a second or subsequent offense is a Class 4 felony (Ill. Rev. Stat. 1979, ch 38, par. 11—20(d)), is not intended to permit the State to arrest a defendant for offenses allegedly committed on succeeding days, to charge him with the commission of the second offense, and then at the trial or at the sentencing hearing for that offense to prove the separate prior offense, for which he has not been charged and convicted, in an attempt to enhance the penalty for the second offense from a misdemeanor to a felony. Rather, we determine that it was the intent of the legislature in this section that the penalty for a second or subsequent offense for obscenity cannot be enhanced unless there has been a prior conviction of the defendant for an obscenity offense.

For the foregoing reasons, we affirm the order of the trial court, which dismissed the indictment that sought to charge the defendant with obscenity as a Class 4 felony.

Affirmed.

REINHARD and UNVERZAGT, JJ., concur.