THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
CHARLES HARRISON III, Defendant-Appellee.

Fifth District   No. 5—91—0074

Opinion filed March 11, 1992.

William R. Haine, State's Attorney, of Edwardsville (Kenneth R. Boyle, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel M. Kirwan and E. Joyce Randolph, both of State Appellate Defender's Office, of Mt. Vernon, for appellee.

JUSTICE WELCH delivered the opinion of the court:

The People of the State of Illinois appeal from the order of the circuit court of Madison County entered February 1, 1991, dismissing the felony indictment against defendant, Charles Harrison III, for driving under the influence of alcohol (hereinafter DUI).

Defendant was initially charged with felony DUI on July 25, 1989. A preliminary hearing was held on case No. 89—CF—681 on July 6, 1990. Officer Dennis Kaid testified at the preliminary hearing that he had stopped defendant's vehicle on July 25, 1989, and noticed a strong odor of alcohol about defendant's person and an open can of beer on the car floor. When asked for his driver's license, defendant responded that it was suspended. Defendant was placed under arrest and transported to the police station where he was asked to perform certain field sobriety tests.

Defendant was unable to satisfactorily perform these tests and Officer Kaid determined that defendant was unfit to drive because he was under the influence of alcohol. Officer Kaid charged defendant with driving under the influence and asked defendant to submit to the breathalyzer test. Defendant was given the "warning to motorist" and *Miranda* warnings before voluntarily taking the breathalyzer test. Defendant received a 0.21 score on the breathalyzer test.

Officer Kaid testified that his records indicated that defendant was arrested and convicted twice in 1986 for DUI. He also testified that defendant was represented by counsel for each of those convictions. On cross-examination Officer Kaid admitted that both convictions were entered on August 1, 1986. Officer Kaid testified that in addition to the two DUI cases which resulted in convictions in 1986, information from the Secretary of State's office indicated that defendant's driver's license had been revoked for DUI on April 5, 1985, in another jurisdiction. The assistant State's Attorney also asked the court to take judicial notice of defendant's conviction in 1983, apparently for DUI, but did not know whether defendant had been represented by counsel in either the 1983 or the 1985 case.

The court would not consider evidence of the 1983 or 1985 DUI convictions without evidence that defendant had been represented by counsel in those cases.

Defendant also argued at the hearing that he could not be charged with felony DUI because the two 1986 convictions, in which he had been represented by counsel, occurred on the same day. Defendant contended that the language in the felony DUI statute (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501(d)(1)) was analogous to language in the second or subsequent offenses statute (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(c)(8)) and the habitual criminal statute (Ill. Rev. Stat. 1989, ch. 38, par. 33B—1) and therefore this case would only support a misdemeanor charge. The court noted that the subsequent offenses and habitual criminal statutes required that an accused commit a crime, be convicted, then commit a second crime, be convicted, and then commit a third crime before the accused could be charged as a subsequent offender and that the legislative intent was to punish recidivism. The People argued, however, that the plain language of the DUI statute indicates that when an accused has twice been convicted of DUI and is charged with another DUI following those convictions, the charge is a Class 4 felony. The People noted that the two convictions in 1986 resulted from offenses committed on two separate occasions.

The court ruled that probable cause was lacking for the felony offense of DUI, although the court believed that defendant could be prosecuted for the misdemeanor offense of DUI, and the court dismissed the felony charge against defendant. This court dismissed the People's appeal of the circuit court's July 6, 1990, ruling. *People v. Harrison* (December 14, 1990), No. 5—90—0491 (unpublished summary order).

A Madison County grand jury indicted defendant on November 15, 1990, charging defendant with felony DUI for the offense committed on July 25, 1989, in case No. 90—CF—1140. Defendant moved to dismiss the indictment because defendant had previously been charged with the same offense in 89—CF—681, a preliminary hearing had been held thereon, a finding of no probable cause was made by the court on July 6, 1990, and this finding was *res judicata* with respect to case No. 90—CF—1140. Following hearing of defendant's motion on February 1, 1990, the court ordered that the argument from the preliminary hearing in case No. 89—CF—681 and the report of proceedings in that case be incorporated into the record in the instant case. The circuit court ordered dismissal of the indictment on February 4, 1991, based on its finding at the pre-

liminary hearing on case No. 89—CF—681 that two simultaneous convictions could not count as two convictions for the enhancement of a misdemeanor to a felony DUI charge.

The People argue on appeal that the circuit court erred in dismissing the indictment charging felony DUI because an indictment may not be dismissed prior to trial on the basis that there may be insufficient evidence to support the charge. Our review of the record, however, indicates that the court in the instant case made its finding of no probable cause for felony DUI because of its interpretation of the felony DUI statute. As such the court was finding as a matter of law that the charge or indictment did not state an offense for felony DUI because the two prior convictions stated in the charge in case No. 89—CF—681 and the indictment in case No. 90—CF—1140 occurred on the same date. Section 114—1(a)(8) of the Code of Criminal Procedure of 1963 provides that upon written motion of defendant prior to trial the court may dismiss the indictment, information or complaint where the charge does not state an offense. (Ill. Rev. Stat. 1989, ch. 38, par. 114—1(a)(8).) The People also argue that the circuit court erred in dismissing the indictment for felony DUI where the two prior violations of the DUI statute which enhanced the charged offense to a felony occurred at different times in 1986 even though the defendant pleaded guilty to both charges on the same date. Our determination then of both issues raised on appeal requires an interpretation of the felony DUI statute, an issue of first impression, according to our perusal of Illinois case law. Because we believe the circuit court erred in interpreting the felony DUI statute to require that the two prior convictions for DUI not be entered on the same day in order to sustain a charge of felony DUI, we reverse.

Section 11—501 of the Illinois Vehicle Code provides, in pertinent part, that a person shall not drive or be in actual physical control of any vehicle within this State while the alcohol concentration in such person's blood or breath is 0.10 or more. (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501(a).) Section 11—501(d)(1) of the Illinois Vehicle Code provides that every person convicted of committing a violation of this section shall be guilty of a Class 4 felony if such person committed a violation of paragraph (a) for the third or subsequent time. It is this latter subsection of section 11—501 that we refer to as the felony DUI statute.

The court's interpretation of the felony DUI statute was apparently based on the language in certain enhanced-penalty criminal statutes and the case law interpreting them and the court's finding

that the felony DUI statute is also an enhanced-penalty statute. This court has stated that a statute which imposes additional punishment upon conviction for a second or subsequent conviction is highly penal and must be strictly construed and that such "enhanced penalty" statutes are enacted as a warning to a first offender of the consequences of a second conviction. (*People v. Phillips* (1978), 56 Ill. App. 3d 689, 695, 371 N.E.2d 1214, 1219.) In *Phillips* we were asked to interpret section 408 of the Controlled Substances Act, which provided:

> "§408. (a) Any person convicted of a second or subsequent offense under this Act may be sentenced to imprisonment for a term up to twice the maximum term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.
>
> (b) For purposes of this Section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this Act or under any law of the United States or of any State relating to controlled substances." (Ill. Rev. Stat. 1975, ch. 56½, par. 1408.)

The issue on appeal in *Phillips* was whether the defendant therein could be treated as a second or subsequent offender where his two convictions occurred on the same day for violations which occurred within a four-day period. This court concluded that the words "convicted of a second or subsequent offense" prior to the fixing of penalties in section 408 did not contemplate the accumulation of a number of offenses within a four-day period but instead contemplated increased punishment for a person who after conviction did not reform but persisted in committing other offenses of a similar character. We held that sentencing of enhanced penalties under section 408 could only occur where the defendant was convicted of a narcotics violation charge, then committed another narcotics offense which leads to a second or subsequent conviction, and the enhanced-penalty provision is specifically invoked by the trial court when imposing sentence. *Phillips*, 56 Ill. App. 3d at 695, 371 N.E.2d at 1219.

Other courts interpreting criminal statutes with enhanced penalties for second or subsequent offenses have similarly found that since the statute was designed to warn first offenders that future violations will receive greater punishment, the penalty for second or subsequent offenses cannot be enhanced unless there has been a prior conviction of the defendant for the offense. (See *People v.*

*Leckner* (1986), 149 Ill. App. 3d 314, 500 N.E.2d 721; *People v. Carlock* (1981), 102 Ill. App. 3d 1100, 430 N.E.2d 212.) In *Leckner*, the court on review was asked to interpret the penalty provisions of the deceptive practices statute (Ill. Rev. Stat. 1983, ch. 38, par. 17—1(B)). The deceptive practices statute provides that an offense under the statute is a Class A misdemeanor but adds that "[a] person convicted of a deceptive practice in violation of paragraph (d) a second or subsequent time shall be guilty of a Class 4 felony." (Ill. Rev. Stat. 1983, ch. 38, par. 17—1(B).) The court held that the underlying conviction which enhances the violation of the law from a misdemeanor to a felony must exist at the time the actions constituting the second offense take place, relying on our decision in the *Phillips* case, which it found to have interpreted an enhancement provision similar to section 17—1(B) of the deceptive practices statute. The court in *Leckner* found that a previous conviction for deceptive practice is an element of the felony deceptive practice offense with which the defendant was charged and therefore reversed defendant's conviction for felony deceptive practices. *Leckner*, 149 Ill. App. 3d at 317, 500 N.E.2d at 723.

In *Carlock*, the court on review was asked to interpret the sentence provisions of the obscenity statute, which state that obscenity is a Class A misdemeanor but that "[a] second or subsequent offense is a Class 4 felony." (Ill. Rev. Stat. 1979, ch. 38, par. 11—20(d).) The court noted that other sections of the Criminal Code provide for enhancement of penalties for subsequent "offenses" rather than "convictions" and that it could discern no intent of the legislature to depart from the requirement that the offense on which the subsequent enhancement is predicated must first be reduced to a conviction. The *Carlock* court held that the penalty for a second or subsequent offense for obscenity cannot be enhanced unless there has been a prior conviction of the defendant for an obscenity offense, and the court affirmed the order of the circuit court therein which dismissed the indictment for felony obscenity. *Carlock*, 102 Ill. App. 3d at 1103, 430 N.E.2d at 215.

We find critical differences with the statutory language interpreted in the *Phillips, Carlock* and *Leckner* cases and the language of the felony DUI statute which we have been asked to interpret. We also find factual differences with the charges or indictments involved in *Phillips* and its progeny and the indictment in the instant case which we believe are distinguishing. In each of these enhanced-penalty statutes, the felony conviction could be obtained for the *second* or subsequent offense. Moreover, the second offenses, selling of

controlled substances, obscenity, and deceptive practices, were charged before conviction of the first such offense, in fact the second offenses were charged within a few days of the charge for the first offense. In each case there was no conviction when the charge or indictment for the second offense was issued. In the instant case, however, where the statute provides that the felony penalty is only in effect for the *third* or subsequent violation of DUI, there were two prior *convictions* of record when the charge in case No. 89—CF—681 and the indictment in case No. 90—CF—1140 were issued.

■ The felony DUI statute provides that a person convicted of committing a third or subsequent violation of the DUI law shall be guilty of a Class 4 felony. In our opinion this language is clear and unambiguous and evidences an intent of the legislature that a felony penalty inure for a third DUI conviction. It is well established that in construing a statute, the court is obligated to ascertain and give effect to the intent of the legislature, and, generally, the language of the statute itself is the best indicator of that intent. (*People v. Brom* (1989), 189 Ill. App. 3d 910, 912, 545 N.E.2d 1061, 1063.) While we would agree that the felony DUI statute requires that the offense which results in a person's third conviction be preceded by two *convictions*, we will not read into the plain language of the statute a requirement that the second offense occur after conviction of the first offense.

In reaching its decision to dismiss the charge against defendant, the circuit court noted that the subsequent offenses and habitual criminal statutes required the sequence of an offense, a conviction of that offense, a second offense, a conviction of the second offense, a third offense and conviction for that offense. The habitual criminal statute provides for life imprisonment of a person who has twice been convicted of certain enumerated Illinois Class X or equivalent felony offenses of another jurisdiction and is thereafter convicted of a Class X felony committed after the two prior convictions, and the statute specifically states:

"(d) This Article shall not apply unless each of the following requirements are [*sic*] satisfied:

(1) the third offense was committed after the effective date of this Act;

(2) the third offense was committed within 20 years of the date that judgment was entered on the first conviction, provided, however, that time spent in custody shall not be counted;

(3) the third offense was committed after conviction on the second offense;

(4) the second offense was committed after conviction on the first offense." (Ill. Rev. Stat. 1989, ch. 38, pars. 33B—1(d)(1) through (d)(4).)

Similarly, the subsequent offenses statute provides for the enhancement of a third or subsequent Class 1 or Class 2 felony to a Class X felony:

"When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted of any Class 2 or greater Class felonies in Illinois, and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender. This paragraph shall not apply unless (1) the first felony was committed after the effective date of this amendatory Act of 1977; and (2) the second felony was committed after conviction on the first; and (3) the third felony was committed after conviction on the second." (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(c)(8).)

Defendant argues that the dissimilarity in language between these two statutes and the felony DUI statute is not dispositive if the legislative intent is the same, to prevent recidivism. We agree with the People, however, that if the legislature had intended to make the sequence duly specified in both the habitual criminal and subsequent offenses statutes applicable in the felony DUI statute, it certainly could have done so. (Cf. *People v. Hamilton* (1980), 81 Ill. App. 3d 297, 401 N.E.2d 318 (the court rejected application of reasoning in *People v. Phillips* to penalty-enhancement provision contained in section 5—5—3.2(b) of the Unified Code of Corrections, noting that while the habitual criminal statute and the subsequent offenses statute specifically state that they do not apply unless the first offense is committed after the effective date of the act, the second offense is committed after conviction for the first, and the third offense is committed after conviction for the second, no such similar requirement was included by the legislature in section 5—5—3.2(b)).) (*Hamilton*, 81 Ill. App. 3d at 303, 401 N.E.2d at 322.) When the language of the statute is clear and unambiguous the court is not authorized to resort to supplementary principles of statutory construction and may not read into such unambiguous statutory language exceptions, limitations or conditions. *Brom*, 189 Ill. App. 3d at 912-13, 545 N.E.2d at 1063.

The indictment against defendant stated that defendant, at the time of the July 25, 1989, offense, had twice been previously convicted for separate violations of the DUI law. It is our opinion that this indictment stated an offense for felony DUI under section 11—501(d)(1) of the Illinois Vehicle Code, and accordingly, the circuit court erred in dismissing the indictment. The February 1, 1991, order of the circuit court of Madison County is reversed, and case No. 90—CF—1140 is remanded to that court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

GOLDENHERSH, P.J., and HARRISON, J., concur.