THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. KENNETH WINKLER, Defendant-Appellee.

First District (4th Division)   No. 1—92—1984

Opinion filed June 17, 1993.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Jon J. Walters, and Susan Schierl, Assistant State's Attorneys, of counsel), for the People.

Rita A. Fry, Public Defender, of Chicago (R.H.R. Silvertrust, Assistant Public Defender, of counsel), for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

Defendant was indicted for felony driving under the influence of alcohol (DUI) allegedly based on two prior convictions for DUI: one in 1988 and the other in 1983. (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501(d)(1).) Defendant filed a motion challenging the indictment because, after he pled guilty to the 1983 DUI, he was only placed on supervision, which was terminated satisfactorily. Defendant argued that he could not be charged with felony DUI because the supervision was not a conviction and, therefore, he had only one prior DUI conviction which could not support felony DUI.

The trial court suppressed the evidence of the supervision on the DUI which, as the court recognized, effectively barred the State from prosecuting defendant for a felony. The State appeals (134 Ill. 2d R. 604(a)(1)), contending that the supervision was admissible.

In reaching a decision in this case, we must interpret the language of the statute, giving the words their plain and ordinary meaning, to determine the legislature's intent. (*Cunningham v. Huffman* (1993), 154 Ill. 2d 398, 609 N.E.2d 321; *People ex rel. Baker v. Cowlin* (1992), 154 Ill. 2d 193, 607 N.E.2d 1251.) Section 11—501(d)(1) of the Illinois Vehicle Code provides:

"(d) Every person convicted of committing a violation of this Section shall be guilty of a Class 4 felony if:

(1) Such person committed a violation of [driving while under the influence of alcohol] for the third or subsequent time." (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501(d)(1).)

The issue presented is whether a defendant has "committed" a prior DUI when he pled guilty and was placed on supervision.

The State argues that felony DUI does not require two prior DUI convictions because the term "committed" is not the same as a conviction. Because a defendant can only receive supervision if he had pled guilty or stipulated to the facts supporting the charge or there was a finding of guilt (Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—1(c)), the State reasons that defendant here committed a prior DUI when he pled guilty and received supervision. Alternatively, the State urges that for purposes of section 11—501(d)(1), supervision is the equivalent of a conviction.

In response, defendant argues that supervision is not a conviction but is similar to a continuance and if a defendant exhibits good conduct during supervision, the charges may be dismissed and the record of proceedings expunged. Defendant refers to language in *People v. Johnson* (1989), 128 Ill. 2d 253, 293, 538 N.E.2d 1118, 1136 (Clark, J., concurring), where Justice Clark stated that "[t]he obvious intent of the [supervision] statute is to reward a defendant who successfully completes a term of supervision by freeing him from future criminal consequences for the acts charged." (See Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—3.1(f).) However, in *Johnson*, the majority of the court concluded that a prior supervisory disposition was a proper factor to consider in sentencing for a subsequent conviction. *Johnson*, 128 Ill. 2d at 287, 538 N.E.2d at 1133.

The court in *Kirwan v. Welch* (1989), 133 Ill. 2d 163, 166, 549 N.E.2d 348, 349-50, explained supervision:

"Supervision is defined as 'a disposition of conditional and revocable release *** at the successful conclusion of which disposition the defendant is discharged and a judgment dismissing the charges is entered.' [Citation.] When a defendant is placed on supervision, judgment on the charges and all further proceedings are deferred until the conclusion of the period of supervision. [Citation.] If the defendant successfully completes his supervision, the defendant is discharged and a judgment dismissing the charges is entered. [Citation.] A discharge and dismissal upon a successful conclusion of supervision is without

an adjudication of guilt and does not result in a conviction for purposes of disqualification or disabilities imposed by law."

Section 11—501(d)(1) requires a person to have committed a DUI violation for the third or subsequent time to support a felony DUI conviction. The statute does not say that he must have two prior DUI convictions as that term is defined. (Ill. Rev. Stat. 1989, ch. 38, par. 2—5.) Had the legislature intended to require two prior convictions, it could have easily done so by using the term "convicted" in section 11—501(d)(1) instead of the broader term "committed." Although supervision is not a conviction (*People v. Coleman* (1986), 111 Ill. 2d 87, 488 N.E.2d 1009), we believe that the term "committed" as used in section 11—501(d)(1) encompasses a prior supervisory disposition because a defendant must have pled guilty or stipulated to the facts supporting the charge before supervision could be imposed. *Cf. People v. Masten* (1991), 219 Ill. App. 3d 172, 579 N.E.2d 27 (a defendant could be charged with felony DUI when he previously pled guilty to DUI but was never sentenced because the guilty plea was the equivalent of a conviction).

In reaching our conclusion, we are aware of the language in *People v. Harrison* (1992), 225 Ill. App. 3d 1018, 1024, 588 N.E.2d 1256, 1260, where the Fifth District Appellate Court commented "the felony DUI statute requires that the offense which results in a person's third conviction be preceded by two *convictions*." (Emphasis in original.) However, there was no dispute in *Harrison* that the defendant had two prior DUI convictions. Therefore, the court was not presented with the issue in this case which is whether a person committed a prior DUI when he received supervision.

We have also taken into account *People v. Carlock* (1981), 102 Ill. App. 3d 1100, 1103, 430 N.E.2d 212, 215, where the Second District Appellate Court held that under the obscenity statute, which provided that a second or subsequent "offense" was a felony, it was the legislature's intent that the penalty could not be enhanced to a felony unless the defendant was previously convicted for obscenity. In *Carlock*, the court considered the situation where a defendant was arrested but not charged with an offense, which is unlike the present case, where defendant pled guilty to the charge and received supervision.

Accordingly, we reverse the order of the circuit court and remand for further proceedings.

Reversed and remanded.

JOHNSON and CAHILL, JJ., concur.