(No. 77329.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. HENRY SHEEHAN *et al.*, Appellees.

*Opinion filed December 21, 1995.*

HARRISON, J., dissenting.

Roland W. Burris, Attorney General, of Springfield, and David R. Akemann, State's Attorney, of St. Charles (Norbert J. Goetten, William L. Browers and Cynthia N. Schneider, of the Office of the State's Attorneys Appellate Prosecutor, of Elgin, of counsel), for the People.

No appearance for appellee Henry Sheehan.

Richard C. Slocum and Jonathan B. Shanower, of Dreyer, Foote, Streit, Furgason & Slocum, P.A., of Aurora, for appellee Victor Pall.

JUSTICE MILLER delivered the opinion of the court:

Section 11—501(d)(1) of the Illinois Vehicle Code provides that a defendant must have committed at least two prior driving under the influence (DUI) violations before the classification of a subsequent DUI offense may be aggravated from a misdemeanor to a felony. (Ill. Rev. Stat. 1991, ch. 95$\frac{1}{2}$, par. 11—501(d)(1).) At issue in each of these consolidated cases is whether an aggravated DUI charge was properly dismissed on the defendant's pretrial motion when the State alleged a prior DUI violation resulting in supervision as one of the two required enhancing offenses.

The defendants, Henry Sheehan and Victor Pall, were separately charged in the circuit court of Kane County with aggravated driving under the influence of alcohol, a Class 4 felony. (Ill. Rev. Stat. 1991, ch. 95$\frac{1}{2}$, pars. 11—501(a)(2), (d)(1).) The aggravated charge is brought for a third or subsequent DUI offense, and the complaints here alleged that the defendants had been

found guilty of DUI on two prior occasions. Each defendant subsequently moved to dismiss his felony DUI charge for failure to state an offense (Ill. Rev. Stat. 1991, ch. 38, par. 114—1(a)(8)). In their motions, the defendants argued that a DUI offense resulting in a successfully completed term of supervision may not be used to enhance a later charge. The defendants relied on the provision in the supervision statute, section 5—6—3.1(f) of the Unified Code of Corrections (Ill. Rev. Stat. 1991, ch. 38, par. 1005—6—3.1(f)), which states that discharge after the completion of a term of supervision "shall be deemed without adjudication of guilt and shall not be termed a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime." Each defendant averred that he had successfully completed the term of supervision imposed for his initial DUI offense. Defendant Pall further argued that the legislature had intended that only DUI offenses resulting in convictions could be used to enhance a later charge, and he cited a portion of the legislative history of the felony DUI statute in support of that contention.

In response, the State maintained that the aggravated charges were valid and could be predicated on prior offenses for which the defendants had completed terms of supervision. The State argued that the plain language of the felony DUI statute, which requires that the accused have "committed" prior offenses, was the most reliable indication of legislative intent and was sufficiently broad to include within its scope offenses for which supervision had been imposed. The State also observed that supervision may not be imposed unless a defendant stipulates to facts supporting the charge or pleads guilty or is found guilty.

The same judge heard the defendants' pretrial motions separately on the same day and, following argument, dismissed the felony DUI charge against each de-

fendant. The judge believed that use of a prior charge for which supervision had been completed was inconsistent with the statutory language limiting an offender's disqualifications or disabilities following discharge from supervision. In addition, the judge found that the legislative history cited by defendant Pall established that the General Assembly had intended that only convictions could support a penalty enhancement under the felony DUI statute.

The State in both cases elected to appeal from the dismissal orders (see 145 Ill. 2d R. 604(a)(1)) rather than proceed on the pending charges against the defendants as unenhanced Class A misdemeanors. The cases were then consolidated for purposes of appeal. With one justice dissenting, the appellate court affirmed the orders dismissing the felony DUI charges against the defendants. (261 Ill. App. 3d 325.) Unlike the trial judge, the appellate court did not believe that only offenses resulting in convictions could be used to enhance a subsequent DUI charge. The appellate court did agree with the trial judge, however, that dismissal of the charges was necessary in these cases. Although the proceedings against the two defendants had not advanced beyond the pleading stage, the appellate court considered, on its own initiative, a number of questions concerning the proof of prior offenses under the felony DUI statute. The court believed that a DUI offense resulting in supervision did not alone "conclusively prove" the commission of a DUI offense for enhancement purposes. The court found here that the State had failed to sufficiently corroborate the evidence of the defendants' prior commissions of the offense of DUI or to show that the defendants had the benefit of counsel in the prior proceedings that resulted in dispositions of supervision. (261 Ill. App. 3d at 331-34.) The dissenting justice would have found that a prior DUI offense result-

ing in supervision establishes, without more, that a defendant "committed" the prior act for enhancement purposes, and thus would have reversed the circuit court's dismissals. 261 Ill. App. 3d at 335-37 (Doyle, J., dissenting).

We granted the State's petition for leave to appeal (145 Ill. 2d Rules 315(a), 604(a)(2)), and we now reverse the judgments of the appellate and circuit courts. Although defendant Sheehan has not filed an appellee's brief before this court, we believe that his case may properly be decided on the merits. (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133.) The two cases consolidated here arose from identical circumstances and involve the same issues, and thus we will consider the arguments made by defendant Pall in his appellee's brief as applicable to Sheehan's case as well.

As we have noted, the felony DUI charges in these cases were challenged by the defendants in pretrial motions and were dismissed by the trial judge because they failed to properly allege felony DUI offenses. (See Ill. Rev. Stat. 1991, ch. 38, par. 111—3.) The purpose of a motion to dismiss for failure to state an offense is to challenge the sufficiency of the allegations in the complaint, not the sufficiency of the evidence. (*People v. Finley* (1991), 209 Ill. App. 3d 968, 974.) An appeal from such a ruling requires the reviewing court to determine whether the complaint complies with the statutory requirements that a charge be in writing, that it set forth the nature and elements of the offense, and that it allege the provision violated, the name of the accused, and the date and county of commission. (*People v. Meyers* (1994), 158 Ill. 2d 46, 51; see Ill. Rev. Stat. 1991, ch. 38, par. 111—3(a).) Moreover, when the State seeks to increase the classification of an offense "because of a prior conviction," the charge "shall also state the inten-

tion to seek an enhanced sentence and shall state such prior conviction so as to give notice to the defendant." (Ill. Rev. Stat. 1991, ch. 38, par. 111—3(c).) Although the preceding provision speaks in terms of a "prior conviction," we may assume that a similar pleading requirement would apply even if the predicates for a felony DUI charge are not limited to formal judgments of conviction. The complaints against the present defendants alleged their prior offenses, and the issue properly raised on appeal, then, is whether a DUI charge for which a defendant successfully completed a term of supervision may serve to enhance a subsequent charge of the same offense.

As a preliminary matter, we note that several other districts of the appellate court have construed the felony DUI statute when presented with the same issue raised here. The appellate court in those cases has held that the term "committed" as used in the felony DUI statute permits the use of an offense resulting in supervision as an enhancing offense. (*People v. Tinkham* (4th Dist. 1994), 266 Ill. App. 3d 391, 396 (use of term "committed" allowed prior DUI violation resulting in unexpunged order of supervision to be used as automatic enhancing offense); *People v. Lambert* (3d Dist. 1993), 249 Ill. App. 3d 726, 729-30 (term "committed" as used in felony DUI statute unambiguous and permits use of prior DUI offenses resulting in supervision); *People v. Winkler* (1st Dist. 1993), 248 Ill. App. 3d 954, 957 (while supervision is not a conviction, term "committed" as used in felony DUI statute permits use of prior DUI offenses resulting in supervision); but *cf. People v. Harrison* (5th Dist. 1992), 225 Ill. App. 3d 1018, 1024 (although use of DUI offense resulting in supervision as enhancing offense was not at issue, court stated that felony DUI statute requires two prior convictions to enhance offense).) As we explain below, we agree with the appel-

late court decisions that have held that the term "committed" permits the use of a DUI offense resulting in supervision as an enhancing offense under the felony DUI statute.

Defendant Pall first argues that the trial judge correctly held that the term "committed," as used in the felony DUI provision, is limited to formal judgments of conviction. The question is one of statutory construction, and our role here is to ascertain and give effect to the intent of the legislature. (*Ruva v. Mente* (1991), 143 Ill. 2d 257, 263; *People v. Boykin* (1983), 94 Ill. 2d 138, 141.) To determine legislative intent, we must first consider the statutory language itself. (*Boykin*, 94 Ill. 2d at 141.) When the language is clear, "it will be given effect without resorting to other aids for construction." *People v. Robinson* (1982), 89 Ill. 2d 469, 475-76.

The felony DUI statute, which is found in section 11—501(d)(1) of the Illinois Vehicle Code, provides as follows:

> "Every person convicted of committing a violation of this Section shall be guilty of aggravated driving under the influence of alcohol or drugs or a combination of both which shall be a Class 4 felony if:
>> (1) such person committed a violation of paragraph (a) for the third or subsequent time." (Ill. Rev. Stat. 1991, ch. 95$\frac{1}{2}$, par. 11—501(d)(1).)

Paragraph (a) of section 11—501 provides, in part, that a person shall not drive a vehicle while "under the influence of alcohol." Ill. Rev. Stat. 1991, ch. 95$\frac{1}{2}$, par. 11—501(a)(2).

The most significant aspect of the plain language of the enhancement provision of section 11—501(d)(1) is the use of the word "committed" rather than "convicted." Both the Criminal Code of 1961 and the Unified Code of Corrections define "conviction" as "a judgment of conviction or sentence entered upon a plea of guilty or upon a verdict or finding of guilty of an offense"

rendered by a court or jury. (Ill. Rev. Stat. 1991, ch. 38, pars. 2—5, 1005—1—5.) Because the word "committed" is not defined by statute, we may assume that the legislature intended for the term to possess its ordinary and popularly understood meaning. (*People ex rel. Daley v. Datacom Systems Corp.* (1991), 146 Ill. 2d 1, 15; *Union Electric Co. v. Department of Revenue* (1990), 136 Ill. 2d 385, 397; *People v. Blair* (1972), 52 Ill. 2d 371, 373.) One commonly used definition of the word "commit" is "[t]o perpetrate, as a crime; to perform as an act." (Black's Law Dictionary 273 (6th ed. 1990).) There can be no dispute that the term "committed," in its ordinary sense, has a broader scope than the term "convicted," as defined by the legislature. Moreover, the meaning of "committed" is reasonably clear and unambiguous, and accordingly there is no need here to consult the legislative history of the statute as a further guide to the meaning of the term. See *Robinson,* 89 Ill. 2d at 475-76.

The legislature has elsewhere demonstrated that it distinguishes between the meanings of the two words. The first sentence of the felony DUI statute provides that, under certain circumstances, "[e]very person convicted of committing" a DUI offense shall be guilty of a Class 4 felony. (Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, par. 11—501(d).) The use of both "convicted" and "committing" in the same sentence shows that the legislature recognizes a difference between the two terms. Notably, the legislature employed the term "committed" rather than "convicted" when describing predicate acts in subsection (d)(1) of the felony DUI statute. Thus, contrary to the defendant's argument, the statute itself provides notice that prior commissions may be used to enhance a subsequent offense.

We note also that under a different provision of the Illinois Vehicle Code the legislature has expressly stated that a prior conviction is required as a predicate offense.

(See Ill. Rev. Stat. 1991, ch. 95$^1$/2, par. 6—303(d) ("Any person convicted of a second or subsequent violation of this Section [driving while license suspended/revoked] shall be guilty of a *** felony").) Had the legislature meant for predicate offenses to include only DUI offenses resulting in convictions under the felony DUI statute, at issue here, we believe that it would have used the term "convicted" rather than "committed."

Finally, Pall cites language from two appellate court decisions in further support of his argument that the term "committed" as used in the felony DUI statute must be limited to formal judgments of conviction. (*People v. Phillips* (1978), 56 Ill. App. 3d 689, 695 ("it cannot legally be known that an offense has been committed until there has been a conviction"); *People v. Carlock* (1981), 102 Ill. App. 3d 1100, 1103 (court believed that the legislature intended the term "offense" to include only violations that had been reduced to convictions).) The cited cases involved enhancement statutes different from the one at issue here, however, and thus we do not believe that the decisions are relevant to our discussion.

In the alternative, defendant Pall argues that even if the felony DUI statute does not by its terms limit enhancing offenses to formal judgments of conviction, certain provisions of the supervision statute preclude the subsequent use, as an enhancing offense, of a charge for which supervision was imposed and completed.

Section 5—6—3.1(f) of the Unified Code of Corrections provides, in part:

"Discharge and dismissal upon a successful conclusion of a disposition of supervision shall be deemed without adjudication of guilt and shall not be termed a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime." (Ill. Rev. Stat. 1991, ch. 38, par. 1005—6—3.1(f).)

Pall interprets this language to mean that one who suc-

cessfully completes a term of supervision, as he did, is free from any future criminal consequences for acts supporting the prior dismissed charge, including their use as enhancing offenses under the statute at issue here. We do not agree.

We do not believe that using an offense that resulted in a successfully completed term of supervision to enhance a subsequent charge is inconsistent with the "without adjudication of guilt" provision of the supervision statute. That one who successfully completes a term of supervision is not adjudicated guilty does not mean that he or she did not commit the offense for which supervision was imposed. (See *People v. Coleman* (1986), 111 Ill. 2d 87, 95-96 (those who have received supervision for DUI are not on equal footing with those who have never received supervision for DUI or those who have never been convicted of that offense).) Under section 5—6—1(c) of the Code of Corrections, a defendant is eligible for supervision only if he or she pleads guilty to a charge, stipulates to the facts supporting the charge, or is found guilty of the charge. (Ill. Rev. Stat. 1991, ch. 38, par. 1005—6—1(c).) Accordingly, charges resulting in supervision have been treated as prior committed offenses for purposes of imposing subsequent penalties. (See Ill. Rev. Stat. 1991, ch. 95$^1$/2, par. 11—500 (one who has received supervision for DUI is no longer considered "first offender" under statutory definition); Ill. Rev. Stat. 1991, ch. 38, par. 1005—6—1(d) (one who has received supervision for DUI within past five years is not eligible for supervision); Ill. Rev. Stat. 1991, ch. 38, par. 1005—6—4 (court may revoke supervision if defendant violates its terms and may then impose any other sentence that was available at the time of the initial determination); see also *Kirwan v. Welch* (1989), 133 Ill. 2d 163, 166 (discussing revocation of supervision); *People v. Johnson* (1989), 128 Ill. 2d 253, 286-87 (order of supervision may

be used as evidence in aggravation when imposing punishment for later conviction).) For these reasons, too, the present charges were sufficiently accurate in alleging that the defendants had been "found guilty" of the predicate offenses.

Nor do we agree with Pall's contention that enhancement by a prior DUI offense resulting in supervision is precluded by the "disqualification or disabilities" language of the supervision statute. In *Coleman*, this court upheld a statute that prohibited a court from granting supervision to a defendant charged with DUI if that defendant had received supervision for DUI within the past five years (*Coleman*, 111 Ill. 2d at 93, citing Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—6—1(d)(2)). The defendant argued, in part, that consideration of a prior order of supervision to preclude the same disposition for a current DUI offense violated a portion of the supervision statute. The court in *Coleman* interpreted the phrase "disqualification or disabilities imposed by law" set forth in the portion of the supervision statute at issue to contemplate certain rights that are lost as a matter of law upon a criminal conviction. These include the rights to vote, to possess a firearm, and to hold public office. This court found, however, that the "[u]se of a prior disposition of supervision as an aggravating factor in sentencing is not a 'disqualification or disability imposed by law.'" (*Coleman*, 111 Ill. 2d at 97.) Here, we similarly conclude that the use of a prior DUI violation resulting in supervision as an enhancing offense in subsequent felony DUI proceedings is not a "disqualification or disability imposed by law" and thus does not offend that portion of the supervision statute.

As a final matter, we wish to state again that the appellate court in its opinion addressed a number of questions that were not properly before it. The present appeals are from orders dismissing charges against the

defendants for failure to state an offense. Thus, there was no reason for the appellate court to consider whether the State had adequately established the predicate offenses for these enhanced charges or the manner in which those offenses might be proved; neither prosecution had advanced to that stage. Because the appellate court's discussion of these additional questions was both premature and unnecessary to the resolution of the issue properly presented, and these points were therefore not considered by this court, the appellate court's findings on these further issues should not be regarded as precedential.

In sum, the complaints in these cases were in writing, set forth the nature and elements of the charged offense, and alleged the provision violated, the name of the accused, and the date and county of commission. In addition, the complaints expressed the State's intention to seek enhanced penalties and listed the prior offenses on which the enhancement would be based. We believe that prior DUI offenses resulting in supervision may be used to enhance a subsequent DUI charge, and thus we conclude that the complaints in these cases were improperly dismissed.

The judgments of the appellate and circuit courts are reversed, and the causes are remanded to the circuit court of Kane County for further proceedings.

*Reversed and remanded.*

JUSTICE HARRISON, dissenting:

The majority's assertion that there is no ambiguity in section 11—501 of the Illinois Vehicle Code (Ill. Rev. Stat. 1991, ch. 95$^{1}/_{2}$, par. 11—501) is belied by the split of authority on the subject. If there were no disagreement among reasonable and experienced judges as to the statute's meaning, our court would probably never have agreed to hear the case in the first place. The majority has now decreed the statute to be clear only

because it must. Its analysis could not stand any other way. To admit any room for a difference of opinion would compel a contrary result. Settled principles of statutory construction provide that if a penal statute calling for the enhancement of a penalty can reasonably be construed in more than one way, we must apply a rule of lenity and construe the statute strictly in favor of the accused. (See *Fitzsimmons v. Norgle* (1984), 104 Ill. 2d 369, 374; *People v. Carlock* (1981), 102 Ill. App. 3d 1100, 1102.) Under that approach, a defendant could not be deemed to have "committed" a DUI offense within the meaning of section 11—501(d)(1) of the Vehicle Code (Ill. Rev. Stat. 1991, ch. 95¹/₂, par. 11—501(d)(1)) where, as here, the DUI offense resulted in a successfully completed term of supervision.

The majority reaches a contrary conclusion based on dictionary definitions and inconsistency in the legislature's choice of words. These considerations, however, must yield to the fundamental tenet of our system of jurisprudence which holds that we cannot know if an offense has been "committed," as a matter of law, unless and until there has been a conviction. (See *People v. Phillips* (1978), 56 Ill. App. 3d 689, 695; *Carlock*, 102 Ill. App. 3d at 1102.) Because a discharge and dismissal upon the successful conclusion of supervision does not result in a conviction (Ill. Rev. Stat. 1991, ch. 38, par. 1005—6—3.1(f); *Kirwan v. Welch* (1989), 133 Ill. 2d 163, 166), a DUI offense resulting in a successfully completed term of supervision cannot be used for enhancement purposes under section 11—501 of the Vehicle Code (Ill. Rev. Stat. 1991, ch. 95¹/₂, par. 11—501).

Although the legislative history is sketchy, remarks by one of the law's sponsors directly support this interpretation of the statute. As the appellate court noted in this case, Representative Thomas J. McCracken, who had the final word on the legislation prior to the floor

vote, specifically indicated that the enhancement provision would not become operative until a defendant had become a "fourth offender." A first offense for which supervision was received would not count. The defendant would be subject to enhancement only where he had two additional convictions between completion of supervision and conviction of the offense for which enhancement was sought by the State. (*People v. Sheehan* (1994), 261 Ill. App. 3d 325, 330.) For all of these reasons, I would hold that the appellate court was correct in affirming the dismissal of the complaints charging defendants with felony DUI offenses. Accordingly, I dissent.