# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Barwan*, 2011 IL App (2d) 100689

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. GREGG M. BARWAN, Defendant-Appellee.–THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DAVID M. SANDKAM, Defendant-Appellee.–THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. SCOTT E. KLICKO, Defendant-Appellee. |
| District & No. | Second District<br>Docket Nos. 2-10-0689, 2-10-0690, 2-10-0691 cons. |
| Filed | July 26, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In the consolidated appeal of several DUI and aggravated DUI cases in which the trial court granted motions to dismiss on the ground that defendants' second DUI charge was still pending and did not constitute a "violation" under the statute, the dismissals were reversed and the causes were remanded on the grounds that the trial court's consideration of the circumstances of each defendant's second violation and the finding that a pending DUI charge did not constitute a violation were premature and impermissible in assessing the motions to dismiss. |
| Decision Under Review | Appeal from the Circuit Court of Boone County, Nos. 09-CF-40, 09-CF-289, 09-CF-38; the Hon. John H. Young, Judge, presiding. |
| Judgment | Reversed and remanded. |

| Counsel on Appeal | Michelle J. Courier, State's Attorney, of Belvidere (Lawrence M. Bauer, Scott Jacobson, and Gregory L. Slovacek, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | |
| | Thomas A. Lilien and Kathleen Weck, both of State Appellate Defender's Office, of Elgin, for appellees. |
| | |
| Panel | PRESIDING JUSTICE JORGENSEN delivered the judgment of the court, with opinion. |
| | Justices McLaren and Bowman concurred in the judgment and opinion. |

**OPINION**

¶ 1    The above-captioned, unrelated cases were consolidated for decision because they involve the same issue. Each of the defendants, Gregg M. Barwan, David M. Sandkam, and Scott E. Klicko, was charged by indictment with driving under the influence of alcohol (DUI) (625 ILCS 5/11-501(a)(2) (West 2008)) and aggravated DUI as a repeat offender (625 ILCS 5/11-501(d)(2)(B) (West 2008) (noting that a "third violation of this Section or a similar provision is a Class 2 felony")). The charges constituted the third DUI case for each defendant, as each previously had been convicted of DUI and had a second DUI case pending before the trial court. In each case, the defendant moved to dismiss the aggravated DUI charges (725 ILCS 5/114-1(a)(8) (West 2008)) for failure to state an offense and denial of due process, arguing that, although he previously had been convicted of one DUI, his second DUI charge was still pending and, therefore, did not constitute a "violation" under the statute. The trial court granted the motions and subsequently denied the State's motions to reconsider. The State appeals, arguing that the trial court erred in assessing information beyond the indictments that had no bearing on their sufficiency and that the term "violation" in the aggravated DUI statute includes *pending* DUI charges. For the following reasons, we reverse and remand.

¶ 2                                I. BACKGROUND

¶ 3    On August 13, 2009, a grand jury returned a bill of indictment against each defendant for DUI and aggravated DUI.[1] Each indictment alleged that the defendant had "previously

---

[1]As to Barwan, the indictment alleged that the third offense occurred on December 30, 2008. As to Sandkam, the indictment alleged that the third offense occurred on May 9, 2009. Finally, as

committed the offense of [DUI] on two prior occasions."[2]

¶ 4    On December 1, 2009, each defendant moved to dismiss the aggravated DUI charge for failure to state an offense and denial of his due process rights. Each defendant argued that his second prior DUI was a "pending offense" and, therefore, was impermissibly used to elevate the present offense to aggravated DUI. In response, the State argued that the issue of prior violations was a sentencing issue and, thus, would not be ripe for consideration until and unless defendants were convicted.

¶ 5    On May 5, 2010, the trial court heard defendants' motions. The court noted that each defendant's second prior DUI listed in his indictment was actually *pending* on the judge's call. (The truth of the trial court's observation was not disputed.) On the basis of this information, the trial court dismissed the felony charge in each indictment, finding that, although the term "violation" had a broader meaning than the term "conviction," a "violation" did not include a pending charge.

¶ 6    On June 9, 2010, the State moved to reconsider the court's rulings. The court denied the motions. In each case, the State filed a certificate of impairment and appealed pursuant to Illinois Supreme Court Rule 604(a)(1) (eff. July 1, 2006).

¶ 7                                    II. ANALYSIS

¶ 8    The State argues that the trial court erred in dismissing the aggravated DUI charges against defendants. It contends that the term "violation" in the aggravated DUI statute includes pending DUI charges, and it further asserts that the trial court erred in assessing information beyond the indictments that had no bearing on their legal sufficiency. As we explain below, we reverse and remand because we conclude that, instead of assessing the legal sufficiency of each indictment, the trial court assessed the evidentiary support for the indictment's allegation that the present offense was each defendant's third "violation."

¶ 9    "The purpose of a motion to dismiss for failure to state an offense is to challenge the sufficiency of the allegations in the complaint, not the sufficiency of the evidence." *People v. Sheehan*, 168 Ill. 2d 298, 303 (1995). On appeal, a reviewing court must "determine whether the complaint complies with the statutory requirements that a charge be in writing, that it set forth the nature and elements of the offense, and that it allege the provision violated, the name of the accused, and the date and county of commission." *Id*.; see 725 ILCS 5/111-3(a) (West 2008). Further, where:

> "the State seeks an enhanced sentence because of a prior conviction, the charge shall also state the intention to seek an enhanced sentence and shall state such prior conviction so as to give notice to the defendant. However, the fact of such prior conviction and the

---

to Klicko, the indictment alleged that the third offense occurred on December 23, 2008.

[2]As to Barwan, May 17, 1997, in Lake County and April 15, 2008, in Boone County. As to Sandkam, January 23, 1997, in Cook County and June 7, 2008, in Boone County. As to Klicko, May 31, 1996, in McHenry County and December 14, 2006, in Boone County.

State's intention to seek an enhanced sentence are not elements of the offense and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial." 725 ILCS 5/111-3(c) (West 2008).

We review *de novo* the dismissal of a charge for failure to state an offense. *People v. Soliday*, 313 Ill. App. 3d 338, 342 (2000). We also assess *de novo* an issue of statutory construction. *People v. Taylor*, 221 Ill. 2d 157, 162 (2006).

¶ 10        Section 11-501 of the Illinois Vehicle Code provides, in relevant part:

"(a) A person shall not drive or be in actual physical control of any vehicle within this State while:

***

(2) under the influence of alcohol;

* * *

(d) Aggravated driving under the influence of alcohol, other drug or drugs, or intoxicating compound or compounds, or any combination thereof.

(1) Every person *convicted of committing a violation* of this Section shall be guilty of aggravated driving under the influence of alcohol, other drug or drugs, or intoxicating compound or compounds, or any combination thereof if:

(A) the person *committed a violation* of subsection (a) or a similar provision for the third or subsequent time;

* * *

[(2)](B) A third *violation* of this Section or a similar provision is a Class 2 felony." (Emphases added.) 625 ILCS 5/11-501 (West 2008).

¶ 11        In *Sheehan*, the supreme court addressed whether an aggravated DUI charge was properly dismissed where the State had alleged as one of the two required enhancing offenses a prior DUI violation that resulted in supervision (the terms of which had been successfully completed). The supreme court held that the term "committed" (Ill. Rev. Stat. 1991, ch. 95 1/2, ¶ 11-501(d)(1) (now 625 ILCS 5/11-501(d)(1)(A) (West 2008))) permits the use, as an enhancing offense under the felony DUI statute, of a prior DUI violation resulting in supervision. *Sheehan*, 168 Ill. 2d at 304-05. The court rejected a defendant's argument that the term "committed" in the felony DUI provision is limited to formal judgments of conviction. *Id.* at 306. The court specified that one commonly used definition of "commit" is " '[t]o perpetrate, as a crime; to perform as an act.' " *Id.* (quoting Black's Law Dictionary 273 (6th ed. 1990)). The court concluded that the term "committed," which is not defined by statute, has, in its ordinary sense, a broader scope than the term "convicted" (as defined by the legislature). *Id.* at 305-06 (noting that " 'conviction' " is defined as " 'a judgment of conviction or sentence entered upon a plea of guilty or upon a verdict or finding of guilty of an offense' " (quoting Ill. Rev. Stat. 1991, ch. 38, ¶¶ 2-5, 1005-1-5)).

¶ 12        The *Sheehan* court also rejected the argument that the supervision statute's provision that successful completion of a term of supervision is deemed "without adjudication of guilt" precludes the use as an enhancing offense of a charge for which supervision was imposed and completed. *Id.* at 307-08. According to the court, the fact that "one who successfully

completes a term of supervision is not adjudicated guilty does not mean that he or she did not commit the offense for which supervision was imposed." *Id*. at 308. Moreover, supervision is imposed only where a defendant pleads guilty to a charge, stipulates to the facts supporting the charge, or is found guilty of the charge. *Id*. The court noted that charges resulting in supervision have been treated as "prior committed offenses" for purposes of imposing subsequent penalties. *Id*. One example the court specified is that a person who has received supervision for DUI is no longer considered a first offender. *Id*.

¶ 13       Finally, the *Sheehan* court criticized the appellate court's analysis, noting that the intermediate court, in addressing issues concerning proof of prior offenses, had considered questions that were improper in an appeal from an order dismissing the charges for failure to state an offense. It noted that "there was no reason for the appellate court to consider whether the State had adequately established the predicate offenses for these enhanced charges or the manner in which those offenses might be proved; neither prosecution had advanced to that stage." *Id*. at 309-10.

¶ 14       Here, the State argues that the trial court's rulings run counter to *Sheehan* and that it transgressed the boundaries of information it could assess in ruling on a motion to dismiss. The State notes that the indictments here complied with all of the statutory requirements; specifically, as relevant here, they alleged as to each defendant that he had "previously committed the offense of [DUI] on two prior occasions, on [listing the relevant dates and counties] in violation of" the felony DUI statute (625 ILCS 5/11-501(d)(2)(B) (West 2008)) and further noted that the aggravated DUI was a Class 2 felony. The State urges that, by having the defendants' second DUI cases pending on its call, the trial court was in a "unique position" and it impermissibly took into consideration that the cases had not yet proceeded to adjudication.

¶ 15       The State also relies on *Soliday*. In *Soliday*, the defendant was charged with criminal damage to property. The information alleged that the defendant knowingly injured a dog without the owner's (*i.e.*, a rescue group's) consent. The defendant moved to dismiss, asserting that he could not be found guilty of the offense, because the dog was his property and not the property of another. He attached a copy of a written agreement, between himself and the rescue group, that obligated him to satisfy various conditions and provided that violations would result in the dog's return to the rescue group. The trial court granted the defendant's motion to dismiss. The appellate court reversed, holding that the dismissal was improper because the information sufficiently pleaded the offense. *Soliday*, 313 Ill. App. 3d at 343. The court noted that "neither a trial court nor an appellate court can evaluate the evidence that the parties might present at trial when determining whether dismissal under section 114-1(a)(8) of the Procedural Code is appropriate." *Id*. The defendant's motion emphasized the agreement he had with the rescue group and claimed that the information should be dismissed because the agreement showed that the group was not the dog's owner. *Id*. at 341-42. The court rejected the defendant's claim because whether, under the agreement, the rescue group maintained a property interest in the dog was a factual issue. *Id*.

¶ 16       Here, defendants do not dispute that the term "violation" is broader than the term "conviction," but they argue that it would be unprecedented for a prior *pending* charge to be used to enhance a misdemeanor DUI charge to a felony. Defendants argue that *Sheehan* is

distinguishable because, in that case, the prior charge that resulted in supervision necessarily meant that the defendant had either pleaded guilty or been found guilty of DUI. Here, however, defendants note that their second prior cases were still pending and, necessarily, they had not pleaded guilty to (or been found guilty of) the offenses. Each defendant argues that he cannot be found to have "committed a [prior] violation" (625 ILCS 5/11-501(d)(1)(A) (West 2008)) until a proceeding has taken place at which he is found guilty or he is otherwise found to have actually committed the prior offense. Each defendant urges that to hold otherwise would subject him to a recidivist enhancement without affording the procedural due process rights to the safeguards of a trial, a guilty plea, or even a bond forfeiture proceeding.

¶ 17    Addressing the State's argument that the trial court impermissibly looked beyond the language of the indictments, defendants contend that *Sheehan* held only that a prior DUI offense that resulted in supervision could be considered a prior committed offense for purposes of enhancing a misdemeanor DUI charge to an aggravated DUI charge. Defendants argue that they have not been found guilty of their second DUI charges and, as such, the State could not justifiably charge them with aggravated DUI based on the pending DUI charges. Defendants do not address *Soliday*.

¶ 18    We conclude that the trial court erred when it considered the pending status of defendants' second DUI cases in granting defendants' motions to dismiss. Although a trial court may take judicial notice of its own public records (see *In re J.G.*, 298 Ill. App. 3d 617, 629 (1998)), here, consideration of the pending status of defendants' second DUI cases was premature and impermissible in the context of assessing defendants' motions to dismiss. *Sheehan*, 168 Ill. 2d at 303 (motion to dismiss challenges sufficiency of complaint's allegations, not sufficiency of the evidence). "[E]vidence of prior DUIs should be reserved for purposes of sentencing only," because they are factors in aggravation that must be proved at sentencing. *People v. Robinson*, 368 Ill. App. 3d 963, 977 (2006). Like the trial court in *Soliday*, which assessed the evidentiary question of ownership, the trial court here assessed whether the allegations that defendants had committed DUIs on two prior occasions were negated by the fact that the second cases were still pending. This was impermissible because the court assessed the evidentiary support for the allegations in the indictments rather than assessing the legal sufficiency of the indictments themselves.

¶ 19    There *is* authority stating that the term "violation" is broader than the term "conviction." See *People v. Jones*, 306 Ill. App. 3d 793, 802 (1999) (assessing domestic battery statute and noting that dictionary definition of "violation" is an " '[i]njury; infringement; breach of right, duty or law; ravishment; seduction. The act of breaking, infringing, or transgressing the law,' " and holding that the defendant, who had a prior charge, but not conviction, of domestic battery was properly sentenced under domestic battery felony sentencing provisions applicable to second and subsequent offenders (quoting Black's Law Dictionary 1570 (6th ed. 1990))); see also *People v. Smith*, 345 Ill. App. 3d 179, 188-89 (2004) (addressing propriety of DUI sentence and citing *Jones* for the proposition that "violation" is broader than "conviction"; holding that trial court properly sentenced the defendant as a Class 2 felony DUI offender where prior convictions resulted from bond forfeitures). However, we need not address whether the term "violation" encompasses a pending DUI charge, because

any determination would be speculative as to the nature and extent of the proof to be made by the State at the time of sentencing. We express no opinion herein as to whether the term "violation" encompasses a pending DUI charge. We conclude only that the trial court's consideration of the circumstances of each defendant's second prior DUI violation and its finding that a pending DUI does not constitute a violation were premature and impermissible in the context of assessing defendants' motions to dismiss.

¶ 20                                    III. CONCLUSION

¶ 21        For the foregoing reasons, the judgments of circuit court of Boone County are reversed and the causes are remanded.

¶ 22        Reversed and remanded.