THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JASON RISCH-DEFINA, Defendant-Appellant.

Second District   No. 2—94—1210

Opinion filed October 4, 1996.

G. Joseph Weller, Kathleen J. Hamill, and Paul J. Glaser, all of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers and Mary Beth Burns, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, Jason Risch-Defina, appeals the trial court's order enhancing his conviction of theft of a firearm (720 ILCS 5/16—1(a)(4)(A) (West 1994)) to a Class 3 felony. The issue on appeal is whether the trial court erred in considering evidence of a prior theft of a firearm for which defendant was not convicted as a factor to enhance the offense to a Class 3 felony. We vacate the sentence and remand.

On April 22, 1994, defendant was charged by information with theft. The information alleged that, between March 26 and April 18, 1994, defendant knowingly obtained control over a firearm belonging to Dan Christenson, knowing that the firearm had been stolen and intending to deprive Christenson permanently of the use of the firearm. The information further alleged that the offense was a Class 3 felony.

On July 19, 1994, defendant agreed to plead guilty to the theft charge in exchange for a sentence of probation if, after a presentence investigation, the probation department found defendant to be an acceptable candidate for probation or intensive probation. On August 22, 1994, the Lake County Adult Court Services Department filed an intensive probation supervision evaluation concluding that defendant would not be an appropriate candidate for probation or intensive probation. On August 25, 1994, the trial court sentenced defendant to three years' imprisonment. On October 18, 1994, the trial court denied defendant's motion to reconsider the sentence. Defendant filed a timely notice of appeal.

■ On appeal, defendant argues that the trial court erred in considering evidence of a prior theft of a firearm for which defendant was not convicted as a factor to enhance the offense to a Class 3 felony. Initially, we note that defendant's trial attorney did not raise this alleged error in his motion to reconsider the sentence. However, defendant urges that we should consider the alleged error either under the plain error doctrine and Supreme Court Rule 615(a) (134 Ill. 2d R. 615(a)), or because the failure to include the alleged error in

the motion to reconsider the sentence amounted to ineffective assistance of counsel (see *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984)). The State does not respond to defendant's request. We conclude that the failure to include the argument in the motion to reconsider the sentence and the classification of the offense, if error, would amount to plain error or to constitutionally ineffective assistance of counsel. Therefore, we will consider the alleged error.

■ Section 16—1(b)(3) of the Criminal Code of 1961 (Code) states:

"(3) Theft of a firearm not from the person regardless of value is a Class 4 felony. A second or subsequent such offense is a Class 3 felony." 720 ILCS 5/16—1(b)(3) (West 1994).

Defendant argues that, for the present offense to be treated as a Class 3 felony, he must have been convicted of a second or subsequent offense.

The State argues that it need not prove a prior conviction and that it is sufficient that there is evidence that the offense was committed, citing the reasoning of *People v. Sheehan*, 168 Ill. 2d 298 (1995). In *Sheehan*, our supreme court explained that the legislature has distinguished between the meaning of the words "convicted" and "committed" and that the DUI statute only requires that a prior offense have been "committed." *Sheehan*, 168 Ill. 2d at 306-07.

We decline to adopt *Sheehan*'s reasoning for this case because *Sheehan* involved an enhancement statute different from the one at issue here. See *Sheehan*, 168 Ill. 2d at 307. Moreover, in the present case, the legislature did not use either the word "conviction" or the word "committed." The statute speaks only in terms of an offense.

Other sections of the Code providing for the enhancement of penalties for subsequent offenses do not specifically refer to convictions but rather speak, as does the section here, in terms of subsequent offenses. For example, section 11—20(d) of the Code (720 ILCS 5/11—20(d) (West 1994)) provides that obscenity is a Class A misdemeanor and a subsequent offense is a Class 4 felony. In *People v. Carlock*, 102 Ill. App. 3d 1100, 1103 (1981), we held that section 11—20(d) requires a prior conviction before the penalty for obscenity may be enhanced.

In *Carlock*, we also compared the obscenity statute with the statute in the present case. *Carlock*, 102 Ill. App. 3d at 1101-02. We noted that section 16—1(e)(1) (Ill. Rev. Stat. 1979, ch. 38, par. 16(e)(1)), which is now section 16—1(b)(2) (720 ILCS 5/16—1(b)(2) (West 1994)), in dealing with the enhancement of the offense of theft of property to a Class 4 felony, speaks in terms of a second or subsequent offense after a conviction of any type of theft, while the very next subsection (e)(2), which is now section 16—1(b)(3), which provides for the enhancement of theft of

4

a firearm, speaks only in terms of a second or subsequent offense without any reference to a prior conviction. *Carlock*, 102 Ill. App. 3d at 1101-02. We found it inconceivable that the legislature could have intended to require two different conditions for penalty enhancement for these two categories of theft. We concluded that the legislature did not intend to depart from the requirement that the offense on which the subsequent enhancement is predicated must first be reduced to a conviction. *Carlock*, 102 Ill. App. 3d at 1102.

While the language in *Carlock* regarding section 16—1 of the Code was *dicta*, we are persuaded by its reasoning. We therefore hold that the penalty for a second or subsequent offense of theft of a firearm cannot be enhanced under section 16—1(b)(3) unless defendant has a prior conviction of theft of a firearm. See *Carlock*, 102 Ill. App. 3d at 1102-03.

We vacate the trial court's order treating the offense as a Class 3 felony and remand the cause to the trial court for a new sentencing hearing consistent with the views expressed herein.

Sentence vacated; cause remanded.

McLAREN, P.J., and THOMAS, J., concur.