THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. LARRY SOLIDAY, Defendant-Appellee.

Fourth District   No. 4—99—0808

Opinion filed May 9, 2000.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Denise M. Ambrose, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellant.

Larry Soliday, of Urbana, appellee *pro se.*

JUSTICE STEIGMANN delivered the opinion of the court:

In April 1998, the State charged defendant, Larry Soliday, with criminal damage to property (720 ILCS 5/21—1(1)(d) (West 1998)). In June 1998, the trial court dismissed the State's charge. The State appeals, arguing that (1) dismissal was improper because the charge met the pleading requirements set forth in section 111—3 of the Code of Criminal Procedure of 1963 (Procedural Code) (725 ILCS 5/111—3 (West 1998)); and (2) the court violated standards of impartiality and the principle of separation of powers by assuming the role of prosecutor and voicing strong disapproval of the State's choice of charges. We reverse and remand.

## I. BACKGROUND

In April 1998, the State filed an information alleging that "defendant committed the offense of criminal damage to property—[a] [C]lass A misdemeanor, in that [he] knowingly injured a domestic animal of Champaign County Rottweiler Rescue [(RR)], namely: Tritan, without the consent of the [RR], the said damage not exceeding $300.00."

In June 1998, defendant filed a motion to dismiss, asserting that, as a matter of law, he could not be found guilty of criminal damage to property because the dog was his property and not "the property of another" as required by section 21—1(1)(d) of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/21—1(1)(d) (West 1998)). Defendant attached to his motion a copy of a written agreement between himself and RR, which obligated him to satisfy various conditions related to Tritan's care. The agreement provided that his violation of some of the conditions would result in Tritan's return to RR.

Later in June 1998, the State filed a response to defendant's motion, alleging the following. In March 1998, defendant shot Tritan multiple times with a handgun after he urinated and defecated in defendant's residence. Defendant misinformed RR that Tritan had been hit and killed by a car, but later defendant admitted that he had shot Tritan. Defendant returned Tritan's body to RR wrapped in a bloody, debris-covered sheet. The State conceded that defendant had a possessory interest in Tritan but maintained that RR retained a proprietary interest in the dog pursuant to its agreement with defendant. According to the State, a charge of criminal damage to property may be sustained when the accused has an interest in property with another and has defeated or impaired the other's interest.

At the June 1998 hearing on defendant's motion to dismiss, the State attempted to show that RR had an interest in Tritan. The trial court granted defendant's motion to dismiss. The court explained its ruling as follows.

> "Let's start with the obvious. This is not a charge of cruel treatment to animals. I believe that the people who testified, [RR], are interested, as everyone should be, in animals not being treated cruelly. And if the defendant was charged with that, we wouldn't all be here. No person or owner may beat, cruelly treat, torture, starve, overwork or otherwise abuse any animal. No owner may abandon any animal or become a public charge (unintelligible) suffer injury, hunger[,] or exposure. That would be appropriate to what we have here. The State's Attorney's [o]ffice sought not to charge this [d]efendant with the obvious. They decided 'we're going to try a new legal theory and charge this defendant.' And that's what we have here. We don't have the defendant charged with, apparently, what the State is saying he did. We are here, apparently, because we want to get a higher penalty on this person, which means we don't like the law and the charge and the amount of penalty that you can have under the animal section.
>
> * * *
>
> *** [I]f this contract is ambiguous—and if this is a contract[,] it is very ambiguous—ah, then the State can't prove it beyond a reasonable doubt. Contract interpretation is a matter of law. It's not a matter for jurors to determine at this point. ***
>
> When you talk about possessory interest and the State has continued to argue that [RR] has a possessory interest in this, it is not a possessory interest. *** They have attempted in this poorly worded document to retain some sort of interest. At best some sort of reverter interest. That's not a possessory interest. The plain language says 'that this defendant is the new owner.' The plain language says 'he is the adopter,' which means he's the owner. Not

only is he the owner, but he's the possessor of the dog. \*\*\* We are trying to take this vaguely worded agreement and say this is our dog, we have a current possessory interest in it, and therefore, Mr. Soliday cannot do anything we don't like. And if we don't like what he does then we will charge criminal damage to property[.] \*\*\* [W]e are taking this well beyond what would appear the intent of the law is. We are trying to bootstrap this writing into some sort of possessory interest and it just doesn't appear that way."

The court then stated that it would not "formally" dismiss the case but would allow the State to file a motion for reconsideration, an appeal to the appellate court, or a different charge against defendant.

In July 1998, the State appealed the dismissal, and in June 1999, this court dismissed the appeal because the trial court's order did not have the substantive effect of dismissing the charge. *People v. Soliday*, No. 4—98—0551 (June 14, 1999) (unpublished order under Supreme Court Rule 23). In August 1999, the State moved for entry of a final appealable order, and in September 1999, the trial court dismissed the charge and discharged defendant from his recognizance bond. This appeal followed.

Although defendant did not file a brief with this court, the record is simple and the claimed errors are such that we can decide this appeal on the merits without the aid of an appellee brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495 (1976).

## II. ANALYSIS

The State first argues that dismissal of its charge was improper because (1) the information met the pleading requirements set forth in section 111—3 of the Procedural Code (725 ILCS 5/111—3 (West 1998)), and (2) the trial court granted defendant's motion to dismiss based on the court's assessment of the sufficiency of the State's evidence (and, in particular, how defendant's agreement with RR defeats the State's case) rather than on the sufficiency of the charge. We agree with the State's first argument.

Defendant sought, and was granted, dismissal of the State's charge based on evidence he presented that RR was not the owner of Tritan. Such evidence, if deemed credible by the trier of fact *at trial*, would defeat an element of the charged offense, namely, that the domestic animal injured be "of another" (720 ILCS 5/21—1(1)(d) (West 1998)).

Although defendant's motion to dismiss asserted, in part, that the allegations contained in the information the State filed against defendant "do not state an offense," the real gist of that motion was contained in its reference to RR and its attachment of defendant's written agreement with RR. At the hearing on the motion, defendant

never claimed that the information did not state an offense (which is understandable, given that the information tracked the statutory language and otherwise met all the requirements of section 111—3 of the Procedural Code), but instead argued that the information should be dismissed because the defendant's agreement with RR showed that RR was not Tritan's owner.

■ Section 114—1(a) of the Procedural Code sets forth 11 separate grounds upon which a trial court may dismiss a charge. The legislature intended this section to constitute a comprehensive list of sufficient reasons for dismissing a charge, and the reasons vary from a defendant's not having been placed on trial in compliance with the speedy trial act (725 ILCS 5/103—5 (West 1998)) to a defendant's having received immunity from prosecution for the offense charged (725 ILCS 5/114—1(a)(1), (a)(3) (West 1998)). Although a trial court possesses the inherent authority to dismiss a charge for reasons other than those listed in section 114—1(a), the supreme court has cautioned that a trial court's use of this extraordinary power " 'be exercised only when failure to do so will effect a deprivation of due process or result in a miscarriage of justice.' " *People v. Fassler*, 153 Ill. 2d 49, 58, 605 N.E.2d 576, 580 (1992), quoting *People v. Sears*, 49 Ill. 2d 14, 31, 273 N.E.2d 380, 389 (1971).

■ One of the grounds enumerated in section 114—1(a) of the Procedural Code upon which a trial court can dismiss a charge is when the charging instrument does not state an offense (725 ILCS 5/114—1(a)(8) (West 1998)). However, when addressing a defendant's motion to dismiss a charge under section 114—1(a)(8), a trial court is strictly limited to assessing the legal sufficiency of the indictment, information, or criminal complaint and may not evaluate the evidence the parties might present at trial.

> "The purpose of a motion to dismiss for failure to state an offense is to challenge the sufficiency of the allegations in the complaint, not the sufficiency of the evidence. [Citation.] An appeal from such a ruling requires the reviewing court to determine whether the complaint complies with the statutory requirements that a charge be in writing, that it set forth the nature and elements of the offense, and that it allege the provision violated, the name of the accused, and the date and county of commission." *People v. Sheehan*, 168 Ill. 2d 298, 303, 659 N.E.2d 1339, 1341 (1995).

These same criteria apply when a trial court determines whether a complaint should be dismissed under section 114—1(a)(8) of the Procedural Code. This is particularly true given that reviewing courts in this state will review dismissal of a charge *de novo*. *People v. Smith*, 259 Ill. App. 3d 492, 495, 631 N.E.2d 738, 740 (1994).

In *Sheehan*, the trial court dismissed a felony charge of driving under the influence (DUI) on the ground that the defendant's previous DUI charge, for which he had completed a term of supervision, could not serve as the necessary predicate for the statutorily enhancing factor that would raise a misdemeanor DUI to a felony—namely, that a defendant must have committed at least two prior driving under the influence violations. Ill. Rev. Stat. 1991, ch. 95½, par. 11—501(d)(1). That defendant's case was joined with a similar case, and the State appealed. *People v. Sheehan*, 261 Ill. App. 3d 325, 326, 633 N.E.2d 151, 152 (1994). The appellate court disagreed with the trial court's ruling (that only offenses resulting in convictions could be used to enhance a subsequent DUI charge), but nonetheless affirmed the trial court's dismissal. *Sheehan*, 261 Ill. App. 3d at 334, 633 N.E.2d at 695. The supreme court explained the appellate court's actions as follows:

> "Although the proceedings against the two defendants had not advanced beyond the pleading stage, the appellate court considered, on its own initiative, a number of questions concerning the proof of prior offenses under the felony DUI statute. The court believed that a DUI offense resulting in supervision did not alone 'conclusively prove' the commission of a DUI offense for enhancement purposes. The court found here that the State had failed to sufficiently corroborate the evidence of the defendants' prior commissions of the offense of DUI or to show that the defendants had the benefit of counsel in the prior proceedings that resulted in dispositions of supervision." *Sheehan*, 168 Ill. 2d at 302, 659 N.E.2d at 1341.

In reversing both the appellate and trial courts, the supreme court was particularly critical of the appellate court's analysis, pointing out that the appellate court had "addressed a number of questions that were not properly before it." *Sheehan*, 168 Ill. 2d at 309, 659 N.E.2d at 1344. The supreme court continued:

> "The present appeals are from orders dismissing charges against the defendants for failure to state an offense. Thus, there was no reason for the appellate court to consider whether the State had adequately established the predicate offenses for these enhanced charges or the manner in which those offenses might be proved; neither prosecution had advanced to that stage." *Sheehan*, 168 Ill. 2d at 309-10, 659 N.E.2d at 1344.

■ Thus, neither a trial court nor an appellate court can evaluate the evidence that the parties might present at trial when determining whether dismissal under section 114—1(a)(8) of the Procedural Code is appropriate. Because the trial court in this case violated this principle, we reverse its dismissal.

■ The State also contends that the trial court violated standards of impartiality and the principle of separation of powers by assuming the role of prosecutor and voicing strong disapproval of the State's charges. The court's remarks speak for themselves, and we otherwise refrain from comment in light of our decision to reverse on the ground stated above. We add only that the State's Attorney is empowered to bring those charges he or she deems appropriate and is afforded considerable discretion in so doing. *People v. Nohren,* 283 Ill. App. 3d 753, 758, 670 N.E.2d 1208, 1211 (1996).

## III. CONCLUSION

For the reasons stated, we reverse the trial court's judgment and remand for further proceedings consistent with the views expressed herein.

Reversed and remanded.

GARMAN and MYERSCOUGH, JJ., concur.