# Illinois Official Reports

## Appellate Court

---

### *People v. McClenton*, 2017 IL App (3d) 160387

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MIVAN D. McCLENTON, Defendant-Appellee. |
| District & No. | Third District<br>Docket No. 3-16-0387 |
| Filed | September 7, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 14-CF-313; the Hon. Amy Bertani-Tomczak, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, Lawrence M. Bauer, and Laura D. Bialon, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.<br><br>Michael J. Pelletier, Peter A. Carusona, and Steven P. Varel, of State Appellate Defender's Office, of Ottawa, for appellee. |
| Panel | JUSTICE WRIGHT delivered the judgment of the court, with opinion. Presiding Justice Holdridge and Justice O'Brien concurred in the judgment and opinion. |

**OPINION**

¶ 1    The trial court order dismissed defendant's 2014 indictment charging defendant with failing to register as a sex offender in violation of the Sex Offender Registration Act (SORA) (730 ILCS 150/3, 6 (West 2014)). After dismissing the indictment on due process grounds, the trial court entered an order directing the Illinois State Police sex offender registration unit to remove and delete defendant's name from the current sex offender registry. On appeal, the State argues the trial court lacked statutory authority to direct the Illinois State Police sex offender registration unit to remove defendant's name from the sex offender registry and also improperly dismissed the grand jury indictment charging defendant with failing to register as a sex offender in violation of SORA. Defendant concedes the dismissal of the indictment was improper but contends the trial court's order directed at the Illinois State Police sex offender registration unit should be affirmed.

¶ 2    The trial court improperly dismissed the grand jury indictment on due process grounds and lacked statutory authority to direct the Illinois State Police sex offender registration unit to remove and delete defendant's name from the current sex offender registry.

¶ 3                                     FACTS

¶ 4    On April 8, 1997, Mivan D. McClenton (defendant) was convicted of the felony offense of unlawful restraint (720 ILCS 5/10-3(a) (West 1996)) in Will County case No. 97-CF-725 and was sentenced to a term of probation. Subsequently, defendant violated the terms of his probation in Will County case No. 97-CF-725 and was resentenced to serve one year in the Illinois Department of Corrections in April 1998. In 2001, defendant was convicted of the offense of failing to register as a sex offender in violation of section 150/3(a) of SORA (730 ILCS 150/3(a) (West 2000)) in Will County case No. 01-CF-433. Thereafter, defendant acquired additional felony convictions for possession of cannabis in Will County case No. 11-CF-583 in 2011 and for defrauding a drug screening test in Will County case No. 12-CF-18 in 2012.

¶ 5    On February 13, 2014, a grand jury returned an indictment against defendant in Will County case No. 14-CF-313. Count I of the 2014 bill of indictment provided, in relevant part:

"[O]n or about January 30, 2014, at and within Will County, Illinois, MIVAN D. MCCLENTON, a male person, committed the offense of FAILURE TO REGISTER AS A SEX OFFENDER (Class 2 Felony) in that said defendant, a sex offender, who has a prior conviction for Failure to Register as a Sex Offender under Will County Circuit Court case number 2001 CF 433, failed to register in accordance with the provisions of the Sex Offender Registration Act as they apply to him, in that he knowingly gave false information to the law enforcement agency with whom he last registered, specifically the Joliet Police Department, in that he told the Joliet Police Department that he resided at 614 Madison Street, Joliet, Will County, Illinois *** [in violation of section 150/3 of SORA (730 ILCS 150/3 (West 2014))]."

¶ 6    In addition, count II of the indictment stated as follows, in relevant part:

"[O]n or between January 30, 2014 and February 19, 2014, at and within Will County, Illinois, MIVAN D. MCCLENTON, a male person, committed the offense of FAILURE TO REGISTER AS A SEX OFFENDER (Class 2 Felony) in that said

defendant, a sex offender, having previously been convicted of Failure to Register as a Sex Offender in the Circuit Court of Will County under docket number 2001 CF 433, failed to register in accordance with the provisions of the Sex Offender Registration Act as they apply to him, in that he knowingly failed to inform the law enforcement agency with whom he last registered, namely the Joliet Police Department, in writing, of his change of residence address within 3 days of changing his residence address *** [in violation of section 150/6 of SORA (730 ILCS 150/6 (West 2014))]."

¶ 7    Turning to the undisputed facts of record, on January 30, 2013, defendant registered a change of address with the Joliet Police Department, listing his address as 614 Madison Street, Joliet, Illinois. Defendant registered at that same address again on April 30, 2013, July 30, 2013, October 30, 2013, and January 30, 2014. Each time defendant registered in 2013 and 2014, he signed and acknowledged the registration requirements that he must notify the Joliet Police Department within three days of a change of address and that he could be charged with a felony for providing false information.

¶ 8    On February 15, 2014, law enforcement conducted a routine sex offender registration check at 614 Madison Street, the last registered address defendant provided on January 30, 2014, and discovered that defendant no longer resided there. The resident of that address stated that he lived there with his wife and children. Further, the resident stated that, although defendant did not live there, he allowed defendant to use the address as a mailing address. The resident stated that defendant did not keep any personal belongings at the address and that since October 30, 2013, defendant had stayed at the house 3 times and approximately 10 times in total.

¶ 9    Subsequently, the police spoke to defendant, who stated that he was living with his girlfriend in Chicago half of the time and with the resident of the Joliet address, located at 614 Madison Street, the other half of the time. The defendant also stated that he periodically removed his belongings from the Joliet address and moved his belongings elsewhere. However, defendant still believed he had some items at 614 Madison Street in Joliet at the time he spoke to the officer.

¶ 10    On November 16, 2015, defendant filed a petition in the circuit court in Will County case No. 14-CF-313, requesting the trial court to enter an order directing the Illinois State Police sex offender registration unit to remove defendant from the sex offender registry. On December 11, 2015, the court struck defendant's petition for removal from the sex offender registry and gave defendant leave to file a motion to dismiss the charges. On that same date, defendant filed a motion to dismiss the indictment in Will County case No. 14-CF-313 with prejudice.

¶ 11    In support of defendant's motion to dismiss the indictment, defendant claimed the 2006 amendment to SORA terminated his ongoing obligation to register as a sex offender following his 1997 conviction for unlawful restraint because any person convicted of unlawful restraint after 2006 did not have the same statutory obligation to register as a sex offender without the trial court's express finding that the post-2006 conviction was sexually motivated. Defendant premised his request for a dismissal of the indictment solely on due process concerns.

¶ 12    On January 12, 2016, the State filed a response to defendant's motion to dismiss the indictment. In the State's response to defendant's motion to dismiss, the State asserted the 2006 amendment to SORA did not provide the court with the authority to order the Illinois State Police sex offender registration unit to remove defendant from the sex offender registry.

¶ 13　　On June 21, 2016, the trial court held a hearing on defendant's pending motion to dismiss the indictment. At the hearing, the trial judge recognized that, according to the statute in effect in 1997, when a nonparent of a minor victim was convicted of the offense of unlawful restraint, these circumstances required the person convicted of unlawful restraint to register as a sex offender. However, the judge noted that, following the 2006 amendments to SORA, any person convicted of unlawful restraint would not be required to register as a sex offender unless the sentencing judge made an express factual finding, based on the evidence, that the offense of unlawful restraint was "sexually motivated." During the 2016 motion hearing, the judge remarked, "[t]hat hardly seems fair, does it?"

¶ 14　　Following the arguments by both parties, the trial judge stated:

> "Well, if it was 1997, I would not be able to find based on what I have here that it was sexually motivated. It was the sole count of the Indictment, unlawful restraint. So if the law is what it is today that finding wouldn't have been made based upon what I have here. So he wouldn't have been required to register as a sex offender.
>
> He was 17. He gets all the detriments of the new law, but he gets none of the benefits. I am gonna grant your motion."

¶ 15　　On July 5, 2016, the trial court issued a written order, which stated:

> "On June 21, 2016, the Court ordered the Illinois State Police Sex Offender Registration Unit to remove the defendant from the sex offender registry. The Court also ordered this case be dismissed based on due process grounds.
>
> Defendant is released from the obligations of his bond. Bond returned to surety."

¶ 16　　On July 5, 2016, the State filed a timely notice of appeal challenging the trial court's written order dated July 5, 2016, dismissing the indictment and ordering the Illinois State Police to remove defendant from the sex offender registry.[1]

¶ 17　　　　　　　　　　　　　　　ANALYSIS

¶ 18　　In this appeal, the State challenges the propriety of one court order dated July 5, 2016. The court order at issue dismissed the 2014 indictment based on due process grounds and directed the Illinois State Police sex offender registration unit to delete defendant's name from the sex offender registry.

¶ 19　　On appeal, defendant appears to concede the trial court's decision to dismiss the indictment cannot be affirmed on due process grounds. However, defendant urges this court to uphold the dismissal of the indictment on other grounds related to the sufficiency of the language of the indictment. Consequently, for the first time on appeal, defendant asserts the indictment did not properly state an offense as required by section 114-1(a)(8) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/114-1(a)(8) (West 2014)).

---

[1]On August 29, 2016, the State filed a motion for leave to file a petition for an original writ of mandamus or for a supervisory order in the Illinois Supreme Court. On March 29, 2017, the Illinois Supreme Court entered an order denying the State's motion. *People ex rel. Glasgow v. Bertani-Tomczak*, No. 121231 (Ill. Mar. 29, 2017). We note that our supreme court's decision to deny the request for mandamus does not allow this court to draw any conclusions based on the application of *res judicata* or operate to preclude this court from resolving the issues raised in the State's appeal. See *Craigmiles v. Egan*, 248 Ill. App. 3d 911, 918 (1993).

¶ 20    Before addressing whether the trial court's decision to dismiss the indictment should be affirmed on other grounds related to the sufficiency of the charging instrument, we will provide a brief review of defendant's pertinent criminal history and the relevant statutes. At the time of defendant's 1997 conviction for unlawful restraint, section 2(B)(1.5) of SORA (730 ILCS 150/2(B)(1.5) (West 1996)) defined "sex offense" as a felony offense of unlawful restraint "when the victim is a person under 18 years of age, the defendant is not a parent of the victim, and the offense was committed on or after January 1, 1996." According to the statutory scheme in 1997, following defendant's guilty plea to the offense of unlawful restraint in Will County case No. 97-CF-725, defendant was statutorily required to register as a sex offender for a period of 10 years after his 1997 conviction. See 730 ILCS 150/3, 7 (West 1996).

¶ 21    Defendant acknowledges his 1997 conviction required him to comply with SORA for a 10-year term beginning in 1997 and ending in 2007, provided the reporting period was not extended for other statutory reasons. However, we note that defendant's incarceration resulting from his 1998 sentence to the Department of Corrections, for a violation of probation in his 1997 case, could have delayed the last day for his 10-year registration requirements.[2]

¶ 22    In addition, defendant was convicted of a violation of SORA in 2001. This 2001 conviction occurred after section 7 of SORA was amended to add a provision requiring the director of the Illinois State Police to administratively extend a sex offender's registration period by an additional 10-year time period for any sex offender who failed to comply with the requirements of SORA. See Pub. Act 91-48 (eff. July 1, 1999) (amending 730 ILCS 150/7); see also *People v. Molnar*, 222 Ill. 2d 495, 501 (2006). Also, the Administrative Code was amended to provide that "[f]ailure to comply with any provision of the Act shall extend the period of registration by ten years beyond the period otherwise required." 20 Ill. Adm. Code 1280.40(a), amended at 24 Ill. Reg. 9081 (eff. June 14, 2000). Consequently, it is possible that defendant's 2001 conviction for failing to register as required by SORA may have prolonged his mandatory registration time frame until 2017 or beyond. See 730 ILCS 150/7 (West 2000).

¶ 23    In this appeal, the parties dispute whether defendant's subsequent 2011 and 2012 felony convictions operated to subject defendant to lifetime sex offender registration requirements pursuant to SORA. See Pub. Act 97-578 (eff. Jan. 1, 2012) (amending 730 ILCS 150/3(c)(2.1)). However, since the 2001 conviction could have extended defendant's registration requirements to 2017 or beyond and the indictment alleged the failure to properly register in 2014, the resolution of whether defendant is now subject to a lifetime registration requirement is not outcome determinative. Consequently, we will not address this issue.

¶ 24    Both parties agree that when defendant was charged with failing to register as a sex offender in this case in 2014, section 2(B)(1.5) of SORA defined "unlawful restraint" as a sex offense only "when the victim is a person under 18 years of age, the defendant is not a parent of the victim, *the offense was sexually motivated as defined in Section 10 of the Sex Offender Evaluation and Treatment Act*, and the offense was committed on or after January 1, 1996." (Emphasis added.) 730 ILCS 150/2(B)(1.5) (West 2014). The emphasized language set forth

---

[2]We would be remiss if we did not recognize the original registration period may also be statutorily tolled during periods of defendant's reconfinement or lengthened or delayed due to other factors. See Pub. Act 95-513 (eff. June 1, 2008) (amending 730 ILCS 150/7) (periods of reincarceration toll the running of the 10-year registration period); see also *Lesher v. Trent*, 407 Ill. App. 3d 1170, 1174 (2011).

above differed from the 1996 version of SORA, which dictated defendant's registration requirements following his 1997 conviction for unlawful restraint.

¶ 25                    I. Retroactive Effect of 2006 Amendment to SORA

¶ 26    Here, it appears the trial court granted defendant's motion to dismiss the indictment because, when defendant became subject to the reporting requirements of SORA in 1997, the trial judge did not make a finding that the unlawful restraint "was sexually motivated as defined in Section 10 of the Sex Offender Evaluation and Treatment Act." After the 2006 amendment to SORA, a person convicted of unlawful restraint is not considered a sex offender for the purpose of SORA unless the sentencing judge made a finding that the offense was sexually motivated. Pub. Act 94-945, § 1025 (eff. Jun. 27, 2006) (amending 730 ILCS 150/2(B)(1.5)). Applying the principles of due process, the trial court dismissed the indictment because the definition of sex offender changed from 1997 to 2006. However, existing case law does not support the trial court's decision to dismiss the indictment on this basis.

¶ 27    Similar concerns were presented to our supreme court in *People v. Johnson*, 225 Ill. 2d 573 (2007), shortly after the 2006 amendment to SORA went into effect. In *Johnson*, the defendant had a 2001 conviction for aggravated kidnapping of a minor by a nonparent, making Johnson a sex offender for purposes of SORA's registration requirements. *Id.* at 576-77.

¶ 28    At the time of Johnson's 2001 conviction, section 2(B)(1.5) of SORA included, in its definition of "sex offense," aggravated kidnapping "when the victim is a person under 18 years of age, the defendant is not a parent of the victim, and the offense was committed on or after January 1, 1996." 730 ILCS 150/2(B)(1.5) (West 2000). In other words, at the time Johnson was convicted, the classification of aggravated kidnapping as a sex offense did not hinge on whether the trial court entered a finding that the offense was sexually motivated. *Johnson*, 225 Ill. 2d at 582.

¶ 29    During the pendency of Johnson's appeal, Public Act 94-945 was adopted, which required the offense of aggravated kidnapping to be "sexually motivated" to be classified as a sex offense under SORA. *Id.* at 578-79; see also Pub. Act 94-945, § 1025 (eff. Jun. 27, 2006) (amending 730 ILCS 150/2(B)(1.5)). Significantly, Public Act 94-945 also enacted the Child Murderer and Violent Offender Against Youth Registration Act (Violent Offender Against Youth Registration Act). See Pub. Act 94-945 (eff. June 27, 2006) (adding 730 ILCS 154/1 *et seq.*). If, on the other hand, "*at the time of sentencing*, the sentencing court verifie[d] in writing that the offense was *not* sexually motivated," then the person would be required to register on the child murderer and violent offender against youth registry. (Emphases added.) 730 ILCS 154/86 (West 2008). As in the case at bar, Johnson was sentenced in 2002, before Public Act 94-945 became effective in 2006, and the sentencing court did not make any findings regarding whether or not Johnson's offense against the minor was or was not sexually motivated. *Johnson*, 225 Ill. 2d at 581 n.1.

¶ 30    Our supreme court first noted the "amended section 2(B)(1.5), like original section 2(B)(1.5), applies to persons convicted of aggravated kidnapping of a minor after January 1, 1996." *Id.* at 580. However, the *Johnson* court held that, even though amended section 2(B)(1.5) applies retroactively, such retroactivity does not automatically remove defendant from the sex offender registry. *Id.* The court explained that "the Act is not self-executing" and "does not provide for a fresh judicial determination of whether an offense that placed a person on the sex offender registry before June 27, 2006, was sexually motivated." *Id.* at 580-81.

- 6 -

Thus, our supreme court held section 86 of the Violent Offender Against Youth Registration Act provided no relief to Johnson. *Id.* at 581 n.1.

¶ 31    The supreme court concluded that the defendant's only recourse was the transfer provision contained in section 11 of the Violent Offender Against Youth Registration Act. Pub. Act 94-945 (eff. June 27, 2006) (adding 730 ILCS 154/11). Yet, the court recognized section 11 of the Violent Offender Against Youth Registration Act gives the State's Attorney's office in the county in which the offender was convicted the *sole* discretion to recommend the removal of a convicted offender's name from the sex offender registry in order to transfer the convicted offender's name to the newly enacted child murderer and violent offender against youth registry. *Johnson*, 225 Ill. 2d at 581-82. In short, our supreme court concluded that under similar circumstances to those present in the case at bar, Johnson's name must remain on the sex offender registry "because Public Act 94-945 offer[ed] him no way off of it." *Id.* at 584.

¶ 32    We conclude the holding in *Johnson* is controlling and causes this court to hold that because defendant fit SORA's definition of a sex offender in 1997, his name must remain on the sex offender registry until he completes the original 10-year term for registration or any other extensions of that original term arising from his 2001 conviction, which preceded the 2006 amendment to SORA. Further, we must state the obvious. Namely, we emphasize that the State has the obligation to prove that defendant was continually subject to the registration requirements of SORA until the time of the charged offense in 2014. However, for the reasons discussed below, we hold the trial court erroneously and prematurely evaluated the State's ability to establish defendant was required to register as a sex offender in 2014, a necessary element of the indicted offense.

¶ 33                              II. Sufficiency of the Indictment

¶ 34    It is well established that "[t]he purpose of a motion to dismiss for failure to state an offense is to challenge the sufficiency of the allegations in the complaint, not the sufficiency of the evidence." *People v. Sheehan*, 168 Ill. 2d 298, 303 (1995). For purposes of evaluating the sufficiency of the charges pursuant to section 114-1(a)(8) of the Code, a court is "strictly limited to assessing the legal sufficiency of the indictment, information, or criminal complaint and may not evaluate the evidence the parties might present at trial." *People v. Soliday*, 313 Ill. App. 3d 338, 342 (2000). We review *de novo* the dismissal of a charge for failure to state an offense. *Id.*

¶ 35    Section 114-1(a)(8) of the Code dictates the information necessary to be included in a valid charging instrument. In order to properly state a criminal offense, the charging instrument must be in writing, set forth the nature and elements of the offense, recite the statutory provision allegedly violated, state the name of the accused, and the date and county of commission. *Sheehan*, 168 Ill. 2d at 303.

¶ 36    In this case, the bill of indictment provides the two charges in writing, the name of the accused (defendant), the alleged provisions violated (sections 3 and 6 of SORA), and the date and county of commission ("on or about January 30, 2014" and "on or between January 30, 2014 and February 19, 2014" in Will County). Moreover, the bill of indictment sets forth the nature of the charged offenses and contains a detailed factual statement supporting the elements of each offense. Therefore, we conclude the charging instrument properly stated an offense for both counts of the indictment pursuant to section 114-1(a)(8). 725 ILCS 5/114-1(a)(8) (West 2014). On this basis, the July 5, 2016, order dismissing the indictment is

reversed and the matter is remanded to the trial court for further proceedings.

¶ 37                    III. Removal of Defendant's Name From the Sex Offender Registry

¶ 38       Next, we consider the State's challenge to the trial court's directive for the Illinois State Police sex offender registration unit to remove defendant's name from the sex offender registry. Defendant claims this court lacks the authority to reach the propriety of the trial court's mandate regarding removal of defendant's name from the sex offender registry.

¶ 39       To resolve the scope of our review in this case, we carefully consider Illinois Supreme Court Rule 604(a)(1), which provides:

> "(1) *When State May Appeal.* In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114-1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence." Ill. S. Ct. R. 604(a)(1) (eff. Feb. 6, 2013).

¶ 40       Here, on July 5, 2016, the trial court entered one court order containing two separate directives arising out of the retroactive impact of the 2006 amendment to SORA. Here, both rulings are so inextricably intertwined, neither directive can be dissected from the other for purposes of this appeal. See, generally *People v. McKown*, 236 Ill. 2d 278, 310 (2010). We conclude the substantive effect of the trial court's order requiring defendant to be removed from the registry resulted in the dismissal of the indictment under section 114-1(a)(8) of the Code, as provided for in Rule 604(a)(1). Ill. S. Ct. R. 604(a)(1) (eff. Feb. 6, 2013). Therefore, we conclude both provisions of the singular written order dismissing the indictment and removing defendant from the sexual offender registry must be reversed.

¶ 41       For these reasons, we reverse the trial court's order dated July 5, 2016, granting the defendant's motion to dismiss the indictment and also ordering the Illinois State Police sex offender registration unit to remove the defendant from the sex offender registry. The cause is remanded for further proceedings consistent with this order.

¶ 42                              CONCLUSION
¶ 43       The judgment of the circuit court of Will County is reversed and remanded.

¶ 44       Reversed and remanded.