NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 220220-U

NO. 4-22-0220

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 1, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Ogle County |
| VICTORI FENSKE, | ) | No. 18CF191 |
| Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | John C. Redington, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices DeArmond and Cavanagh concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court's grant of defendant's motion to dismiss was supported by the court's finding of a discovery violation but not a violation of defendant's state or federal due process rights. However, dismissal was too harsh of a discovery sanction, warranting reversal of the court's decision and remand for consideration of an appropriate sanction.

¶ 2   In February 2022, defendant, Victori Fenske, moved for the dismissal of multiple criminal charges against her based on an alleged discovery violation by the State. The trial court granted the motion and the State appeals. It argues the court erred by granting defendant's motion to dismiss because no due process violation occurred, and it did not act in bad faith. We reverse and remand with directions.

¶ 3                              I. BACKGROUND

¶ 4   In September 2018, defendant was arrested, and the State charged her with

aggravated battery (720 ILCS 5/12-3.05(b)(2) (West 2016)), two counts of endangering the life and health of a child (*id.* § 12C-5(a)(1)), and two counts of domestic battery (*id.* § 12-3.2(a)(1), (a)(2)). The charges were based on allegations that defendant carried an "infant by the neck and threw the infant into the back seat of a car," and that she failed to properly restrain the child while the car was in motion.

¶ 5 In October 2018, defendant filed a motion for discovery pursuant to Illinois Supreme Court Rule 412 (eff. March 1, 2001). She sought the names and addresses of individuals the State intended to call as witnesses in the case "together with their written and/or recorded statements." She also requested "[a]ny memoranda containing substantially verbatim reports of any witness' oral statement, including, but not limited to, any and all police reports." In response, the State disclosed Shannon Phoutz (sometimes spelled Pfoutz in the appellate record) as one of its potential witnesses. The record reflects it also provided defendant with a police report and video. In November 2020, defendant filed a second motion for discovery, seeking similar information and materials. Following defendant's second motion, the State additionally disclosed a "Call for Service" and a written statement by Phoutz. None of the items disclosed by the State appear in the appellate record.

¶ 6 The matter was ultimately set for trial on February 22, 2022. On February 17, 2022, defendant filed a motion to dismiss the charges against her, entitled: "Motion to Dismiss-Discovery Violation." She pointed out the filing of her motion for discovery in October 2018 and alleged that in February 2022 (the same day her motion to dismiss was filed), the State "confirmed" that a recording of a 911 call in the case had not been preserved and was not available for trial. Defendant asserted that the call was made by Phoutz, who the State intended to call as a witness, and that "[t]he 911 *** recording was in the possession of law enforcement and available

to the [State]." She further alleged as follows:

"7. The failure to preserve the 911 call recording amounts to a violation of Defendant's due process rights in that it prevents Defendant from offering the 911 call as evidence or using it to impeach the State's witness.

8. Supreme Court Rule 415(g) authorizes the trial court to impose sanctions for the inadvertent failure to follow discovery orders.

9. A court may bar evidence or completely dismiss a felony charge as a sanction for violation of the Supreme Court discovery rules. [Citation.]

10. If the State destroys evidence, appropriate sanctions may be imposed even if the destruction is inadvertent. No showing of bad faith is necessary. [Citation.]"

Defendant asked the trial court to either dismiss the charges against her or, alternatively, bar Phoutz's testimony.

¶ 7        On February 18, 2022, the trial court conducted a hearing on defendant's motion. Defendant's counsel argued the motion was "for relief regarding a discovery violation." Counsel asserted her belief that Phoutz was the State's primary witness in the case, noting Phoutz made the 911 call, observed what occurred at the time of the underlying offenses, and had taken a video pertinent to the case. Counsel further argued as follows:

"Without the 911 call, we do not know what *** Phoutz said. We do not know if she made any statements that would be helpful to my client. We do not know whether there is anything that could be said in that call that was exculpatory. Or anything that could be used to impeach *** Phoutz."

Counsel maintained that for defendant to obtain relief, she was not required to show that the

discovery violation was intentional or that the 911 recording contained exculpatory information. She asked that the court either dismiss the charges against defendant or bar Phoutz's testimony. Counsel argued the requested remedies were supported by Illinois Supreme Court Rule 415(g) (eff. Oct. 23, 2020), which she asserted "authorizes the Court to impose sanctions, even for the inadvertent failure to follow discovery."

¶ 8      In response, the prosecutor argued the 911 call had "no impact on the case" and there was no prejudice to defendant. The prosecutor acknowledged that she had not heard the 911 call but asserted a "Call for Service" was tendered to defendant in March 2021, which summarized that call. She further alleged that the summary in the "Call for Service" was consistent with "the summary in the police report" and Phoutz's written statement, and that, as a result, there was "plenty of impeachable material." Further, the prosecutor asserted that defendant had to have known that the 911 call existed because of the "Call for Service" report. The prosecutor pointed out that defendant answered that she was "ready for trial" in November 2021, which, according to the prosecutor, indicated that the lack of the 911 call recording would not impair defendant's ability to proceed to trial. Finally, the prosecutor argued sanctions were not warranted and that dismissal of the case "would be an extreme remedy." The record fails to reflect that the prosecutor presented copies of the "Call for Service" report, police report, or written statement to the trial court at the hearing.

¶ 9      The trial court determined that the case concerned "a recorded statement of a material witness that for four years [was] not tendered to the defense." It noted defendant moved for discovery in October 2018, and specifically requested "[a]ny memoranda containing substantially verbatim reports of any witness' oral statement." The court determined the 911 call fell "under the category of that request." It further stated as follows:

"The *Newberry* [(*People v. Newberry*, 166 Ill. 2d 310, 652 N.E.2d 288 (1995))] case does put this in my discretion, and it states that: The Court may exercise such authority when a failure to do so would affect the deprivation of due process or result in a miscarriage of justice.

At this point in time I don't find that it was [defendant's] obligation to remind or draw to the State's attention the fact that this recorded statement of that material witness exists.

I understand, Ms. Huntley [(Assistant State's Attorney)], that you've only been in it for 25[%] of the four years that this case has been pending, but that's long enough that somebody could have obtained this 911 tape before it was destroyed.

I don't find any bad faith. I don't find anything to be done [*sic*] intentionally. However, I do find that it merits a significant sanction, and that sanction is I'm going to dismiss the case."

¶ 10    The same day, the trial court entered a written order, dismissing defendant's case because of the "State's failure to produce [the] recording of [the] 911 call made by [the] complaining witness." In its order, the court reiterated its finding that "the State did not act in bad faith."

¶ 11    This appeal followed.

¶ 12                                   II. ANALYSIS

¶ 13    On appeal, the State argues the trial court erred by granting defendant's motion to dismiss the charges against her based upon a finding that the failure to preserve the 911 call recording violated her due process rights. It contends the import of such evidence was entirely speculative and the record below established the lack of prejudice to defendant. The State also

argues a finding of bad faith in the loss or destruction of evidence is required to establish a due process violation, and it points out the court below explicitly determined the State did not act in bad faith in connection with the failure to preserve the 911 call recording. The State further argues the court erred by relying on the federal due process analysis set forth by our supreme court in *Newberry* when that case was later superseded by the United States Supreme Court's decision in *Illinois v. Fisher*, 540 U.S. 544 (2004).

¶ 14                                    A. Forfeiture

¶ 15        Initially, defendant responds by arguing that the State has forfeited the arguments it raises on appeal by failing to previously raise them with the trial court. Specifically, she argues the State failed to preserve its contention that there was no due process violation because defendant did not make a showing of bad faith.

¶ 16        Generally, issues that a party does not raise before the trial court are considered forfeited for purposes of appeal. *People v. O'Neal*, 104 Ill. 2d 399, 407, 472 N.E.2d 441, 444 (1984); see also *People v. Robinson*, 223 Ill. 2d 165, 173-74, 860 N.E.2d 1101, 1106 (2006) (finding issues raised for the first time in a defendant's brief were forfeited). In a criminal case, the principles of forfeiture are equally applicable to the State. *O'Neal*, 104 Ill. 2d at 407.

¶ 17        Here, before the trial court, the State clearly opposed and objected to defendant's motion to dismiss the charges against her. The State argued below that defendant had not suffered prejudice and that the 911 recording had "no impact on the case." It raises similar contentions on appeal in asserting that defendant suffered no violation of her due process rights and was not entitled to her requested relief. Addressing these preserved contentions by the State necessarily requires us to consider the analysis the trial court employed when granting defendant's motion. Further, a challenge to the court's analysis is at the heart of the State's contentions regarding due

process and the necessity of a bad faith finding. Under these circumstances, we decline to find forfeiture. See *People v. Chapman*, 379 Ill. App. 3d 317, 326, 883 N.E.2d 510, 517 (2007) (stating "the forfeiture rule is an admonition to the parties and not a jurisdictional limitation on the reviewing court").

¶ 18                                    B. Discovery Violation Analysis

¶ 19         The State argues that the trial court in this case employed a "uniquely incorrect analysis" because it dismissed the charges against defendant "pursuant to a due process violation" after explicitly finding the State did not act in bad faith in connection with the loss or destruction of the 911 call recording. In response, defendant argues that both her motion and the court's decision were based on the discovery enforcement provisions of Illinois Supreme Court Rule 415 (eff. Oct. 23, 2020), and not a federal due process violation. Thus, she contends no showing of bad faith was required before the court could impose sanctions.

¶ 20         Discovery violations may be analyzed under either the due process clauses of the federal and state constitutions (U.S. Const., amends. V, XIV; Ill. Const. 1970, art. 1, § 2) or Illinois Supreme Court Rule 415(g)(i) (eff. October 23, 2020). *People v. Moore*, 2016 IL App (1st) 133814, ¶ 23, 49 N.E.3d 938; see also *People v. Stolberg*, 2014 IL App (2d) 130963, ¶ 25, 18 N.E.3d 927 (stating a discovery violation may be analyzed as either a due process violation or under Rule 415). We discuss each method of analysis in turn.

¶ 21                                    1. *Due Process*

¶ 22         "The destruction or loss of evidence by the State violates due process only under certain circumstances." *People v. Sandridge*, 2020 IL App (1st) 173158, ¶ 22, 162 N.E.3d 278. In particular, to establish a federal due process violation where the lost or destroyed evidence is only "potentially useful" and not "material and exculpatory," a defendant must show that the loss or

destruction was due to bad faith on the part of the State. *Id.* (Internal quotation marks omitted.) In *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988), the Supreme Court explicitly held that "[u]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." See also *Fisher*, 540 U.S. at 549 (reaffirming that where the destroyed evidence "was, at best, 'potentially useful' " the bad-faith requirement set forth in *Youngblood* applies). In addressing the policy concerns underlying *Youngblood*, our supreme court has stated as follows:

> "In order to promote the preservation of exculpatory evidence, there must be the possibility of a sanction where evidence is lost or destroyed. On the other hand, a defendant should not be rewarded for the inadvertent loss of a piece of evidence where other evidence sufficient to support his conviction remains. The proper balance between these competing interest can be accomplished through careful consideration of (1) the degree of negligence or bad faith by the State in losing the evidence, and (2) the importance of the lost evidence relative to the evidence presented against the defendant at trial." *People v. Hobley*, 159 Ill. 2d 272, 307, 637 N.E.2d 992, 1007-08 (1994).

¶ 23 "Whether a defendant was denied due process, and whether that denial was sufficiently prejudicial to require the dismissal of the charges, are questions of law, which are reviewed *de novo*." *People v. Stapinski*, 2015 IL 118278, ¶ 35, 40 N.E.3d 15. "However, once it is determined that a defendant suffered a prejudicial violation of his due process rights, the trial court's decision on the appropriate remedy—whether it be dismissal of the indictment or some other remedy—is reviewed for an abuse of discretion." *Id.*

¶ 24            2. *Discovery Sanctions Under Rule 415(g)(i)*

¶ 25 In *Newberry*, 166 Ill. 2d at 317-18, our supreme court held that Rule 415(g)(i) may be used "independent of any due process considerations" to impose a sanction for the State's discovery violation, including the dismissal of charges against a defendant. That rule states as follows:

> "If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or an order issued pursuant thereto, the court may order such party to permit the discovery of material and information not previously disclosed, grant a continuance, exclude such evidence, or enter such other order as it deems just under the circumstances." Ill. S. Ct. R. 415(g)(i) (eff. Oct. 23, 2020).

¶ 26 Rule 412 governs disclosures to the accused. "A specific request for an item of evidence, pursuant to Rule 412, puts the State on notice that the item must be preserved." *People v. Calloway*, 2019 IL App (1st) 160983, ¶ 67, 138 N.E.3d 911. "If the State fails to comply with its discovery obligations under Rule 412, the trial court may impose any sanctions it deems 'just under the circumstances' to eliminate any unfair prejudice to the defendant." *Id.* ¶ 68 (citing Ill. S. Ct. R. 415(g)(i) (eff. Oct. 1, 1971)).

¶ 27 Ultimately, Rule 415(g)(i) confers broad power on the trial court to impose sanctions and "no showing of bad faith by the State is required in order for the trial court to act." *Newberry*, 166 Ill. 2d at 317-18; *Moore*, 2016 IL App (1st) 133814, ¶ 35 ("A defendant does not need to make a showing of bad faith for the court to dismiss the indictment as a sanction."). The correct sanction under Rule 415(g)(i) "is a decision appropriately left to the discretion of the trial court, and its judgment is entitled to great weight." *Newberry*, 166 Ill. 2d at 318.

¶ 28 As the State points out on appeal, *Newberry* also contained a due process analysis.

In connection with that analysis, the court distinguished *Youngblood* and held that, even absent a finding of bad faith, a due process violation occurs when evidence that is lost or destroyed is evidence "essential to and determinative of the outcome of the case." *Id.* at 315. As the State notes *Newberry's* due process analysis was later rejected by the Supreme Court in *Fisher*, 540 U.S. at 548-49. "[S]ubsequent to *Fisher*, the appellate court has rejected *Newberry* and followed *Fisher*" when analyzing whether a defendant's right to due process has been violated. *Moore*, 2016 IL App (1st) 133814, ¶ 28 (citing cases). However, while the Supreme Court in *Fisher* rejected *Newberry's* due-process analysis, the state-law ground of *Newberry* "remains good law." *Calloway*, 2019 IL App (1st) 160983, ¶ 73 (citing *Fisher*, 540 U.S. at 550 (Stevens, J., concurring)).

¶ 29                                    3. *This Case*

¶ 30        Here, the State strenuously asserts the trial court employed only a due process analysis when deciding to grant defendant's motion to dismiss. It contends that a due process violation was the basis for defendant's motion, not Rule 415(g)(i).

¶ 31        Initially, we find defendant's motion to dismiss alleged both that (1) a violation of her due process rights occurred due to the failure to preserve the 911 recording and (2) a discovery sanction was authorized under Rule 415(g) "for the inadvertent failure to follow discovery orders." Specifically, although in paragraph 7 of her motion defendant asserted that the failure to preserve the 911 recording violated her due process rights, she also alleged in paragraph 8 that Rule 415(g) authorized the imposition of sanctions. While the State argues Rule 415(g) was simply the "authority the trial court relied upon in determining the sanction" after finding a due process violation, we note that a due process violation can warrant the dismissal of charges on its own. A defendant claiming such a violation would not need to cite any additional authority, like Rule 415(g)(i), before relief could be granted. See *People v. Fassler*, 153 Ill. 2d 49, 58, 605 N.E.2d 576,

580 (1992) (stating that a trial judge has the inherent authority to dismiss a charge when failure to do so would result in a deprivation of due process or a miscarriage of justice); *People v. Soliday*, 313 Ill. App. 3d 338, 342, 729 N.E.2d 527, 530 (2000) (same). We find defendant's references to Rule 415(g) in her motion suggest reliance on the Illinois Supreme Court Rules on discovery as a separate and independent basis for dismissal of the charges against defendant.

¶ 32     An additional basis for finding that defendant sought relief pursuant to Rule 415(g), and not solely pursuant to a due process argument, is the case authority cited in her motion. The record reflects defendant cited to the specific portion of *Newberry*, 166 Ill. 2d at 317-18, that discussed the dismissal of charges under Rule 415(g)(i). There is no indication by defendant, either in her motion or her arguments to the court, that she was relying on *Newberry's* rejected due process analysis. Defendant also cited the Third District's decision in *People v. Koutsakis*, 255 Ill. App. 3d 306, 311-12, 627 N.E.2d 388, 392-93 (1993), wherein Rule 415(g) sanctions were deemed to be authorized based upon an inadvertent violation of discovery rules, *i.e.*, the unintentional destruction of a tape recording that had been requested by the defendant under Rule 412.

¶ 33     Further, in both her motion and in argument before the trial court, defendant presented a claim for relief under Rule 415(g). She noted she had filed a motion for discovery in October 2018, that the State failed to preserve the 911 recording, and that Rule 415(g) authorized the imposition of sanctions.

¶ 34     Ultimately, although defendant's motion to dismiss requested relief both pursuant to a due process violation and a discovery rule violation, we agree with the State that the trial court appeared to employ an improper due process analysis when granting her motion. Initially, as argued by the State and set forth above, to find a due process violation in this case based on the failure to preserve the 911 recording, the trial court had to find that the State acted in bad faith.

Here, not only did the court plainly find no bad faith on the part of the State, the record also does not support such a conclusion. Further, in setting forth its ruling on the motion, the court referenced *Newberry* and a proposition of law that pertained to its rejected due process analysis. In particular, the court stated that *Newberry* gave it the discretion to dismiss the charges against defendant and that it could "exercise such authority when a failure to do so would affect the deprivation of due process or result in a miscarriage of justice." See *Newberry*, 166 Ill. 2d at 314. The court's comments suggest it found a due process violation had occurred, notwithstanding the absence of bad faith. To the extent it made such a finding, the court erred.

¶ 35　　　　As noted, defendant contends that independent of a due process analysis, the trial court's decision to grant her motion to dismiss was fully supported by, and consistent with, a Rule 415(g)(i) discovery violation analysis. Again, we agree that defendant sought relief pursuant to Rule 415(g)(i). We also agree that the court's oral ruling contains the necessary components for imposing a sanction based upon such an analysis, *i.e.*, findings that (1) the State violated a specific discovery request that defendant made in October 2018 by failing to preserve the 911 recording and (2) the violation "merit[ed] a significant sanction." Defendant argues the State failed to challenge either of these findings on appeal and, thus, has forfeited any argument that her motion to dismiss was improperly granted as a discovery sanction pursuant to Rule 415(g)(i). We disagree.

¶ 36　　　　On appeal, the State does not argue that the trial court erred in finding that it failed to comply with a specific request in defendant's October 2018 motion for discovery. However, it does contend that the missing 911 recording was insignificant to the case against defendant and that defendant was not prejudiced by its absence. Such considerations are relevant to not only a due process analysis but also to a court's determination of an appropriate sanction under Rule 415(g)(i).

¶ 37 "[T]he object and purpose of sanctions for noncompliance with discovery rules or orders should be to compel discovery rather than to punish." *People v. Jackson*, 48 Ill. App. 3d 769, 771, 363 N.E.2d 392, 394 (1977). "Dismissal of the charges as a discovery sanction is not required in every situation in which evidence is destroyed" and "[t]he sanction must be proportionate to the magnitude of the violation." *People v. Fernandez*, 344 Ill. App. 3d 152, 161-62, 799 N.E.2d 944, 952 (2003). Factors for consideration when fashioning an appropriate sanction include the effectiveness of a less severe sanction, the materiality of the evidence, the prejudice resulting from the discovery violation, and whether there was bad faith in the violation of discovery rules. *People v. Forrest*, 2015 IL App (4th) 130621, ¶ 41, 40 N.E.3d 477.

¶ 38 As stated, "[a] trial court's decision as to the appropriate sanction for a discovery violation is subject to review for abuse of discretion." *People v. Ramsey*, 239 Ill. 2d 342, 429, 942 N.E.2d 1168, 1216 (2010). "An abuse of discretion exists only where the trial court's decision is arbitrary, fanciful, or unreasonable, such that no reasonable person would take the view adopted by the trial court." *Id.*

¶ 39 In *Newberry*, 166 Ill. 2d at 318, the supreme court found the dismissal of charges was an appropriate sanction under Rule 415(g)(i) because of "the pivotal nature of the evidence at issue in [the] case." Here, the record does not establish that the 911 recording was pivotal to either the State's case against defendant or to her defense. Defendant's assertions that the recording could have contained material that was exculpatory or that could have been used to impeach Phoutz were entirely speculative. Additionally, the record reflects other material was available to defendant containing statements made by Phoutz, including Phoutz's own written statement. The record reflects defendant received additional material through discovery, including a "Call for Service"; a police report; and a video pertaining to the underlying offense, which was recorded by Phoutz.

Although defendant complains that the State failed to include any of those materials within the appellate record, she does not dispute their existence and the record does reflect that those materials were provided to her during discovery. Finally, the record also indicates that, months before the filing of her motion to dismiss, defendant answered that she was ready for trial despite not having received the 911 recording. Given the lack of evidence indicating that the 911 call recording was an important piece of evidence in the case to either party, the dismissal of the charges against defendant was an extreme sanction.

¶ 40 Here, the trial court was authorized to impose a sanction pursuant to Rule 415(g)(i) based upon (1) defendant's request for such relief in her motion and (2) its finding that the State violated a specific discovery request (a finding that the State does not challenge on appeal). Ultimately, however, the record demonstrates that the court abused its discretion with respect to the sanction it chose. Accordingly, we reverse the court's dismissal of the charges against defendant and remand for consideration of the appropriate sanction, if any, which should be proportionate to the magnitude of the violation.

¶ 41 C. State Due Process Claim

¶ 42 As a final matter, we note that defendant makes the alternative argument that the trial court's judgment could be affirmed based on a violation of her state due process rights. We disagree. Both supreme court and appellate court decisions have indicated that, like with federal law, a showing of bad faith in connection with the loss or destruction of potentially useful evidence is required to establish a state due process violation. See *People v. Sutherland*, 223 Ill. 2d 187, 241, 860 N.E.2d 178, 216 (2006) (indicating a state due process claim based on missing evidence would follow the same analysis as a federal due process claim); *People v. Kizer*, 365 Ill. App. 3d 949, 960, 851 N.E.2d 266, 274-75 (2006) (predicting that the supreme court would follow federal

case authority when interpreting the due process clause of the Illinois Constitution); *People v. Cunningham*, 2018 IL App (1st) 153367, ¶¶ 37-43, 106 N.E.3d 467 (rejecting the defendant's argument that a showing of bad faith is not required under state law to establish a due process violation). Thus, under the circumstances of this case, a state due process claim would lack merit.

¶ 43                              III. CONCLUSION

¶ 44          For the reasons stated, we reverse the trial court's judgment and remand with directions.

¶ 45          Reversed and remanded with directions.